**CONTINENTAL HOMES COMPANY**
**et al., Appellants,**

**v.**

**HILLTOWN PROPERTY OWNERS**
**ASSOCIATION, INC., Appellee.**

**No. 17685.**

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 24, 1975.

**294**

Storey, Armstrong, Steger & Martin, and Francis W. Thayer, Dallas, for appellants.

Craig Penfold, Dallas (no brief filed), for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendants, Continental Homes Company, J. E. Kutscher and Harry V. Dulick, from an interlocutory ex parte order entered by the trial court appointing a temporary receiver to take over the possession and control of the business and of the real and personal property belonging to the defendants. The order was entered without notice, without a hearing, and without requiring the plaintiff, Hilltown Property Owners Association, Inc.

(the applicant for such receivership) to file in the cause an applicant's bond as is required by Rule 695a, T. R. C. P. The defendant, Continental Homes Company, was alleged to be a partnership composed of the two individual defendants.

The petition alleges that plaintiff is a corporation. It also alleges the following: that the defendants are the owners of and are in the business of selling unimproved real property in Denton County; they have sold under contract a number of lots out of a certain addition to various people who have paid defendants substantial sums of money; defendants had induced the buyers to purchase the lots by making many promises to do things such as install utilities, build a golf course, boat docks, parks, shopping centers, etc.; that these promises were made to defraud the buyers and none of them have been performed; the failure to carry out these promises resulted in a diminution in value of the lots that the various purchasers bought; that this fraud was made in disregard of plaintiff's rights and plaintiff is entitled to recover from defendants $1,000,000.00 in damages. The receivership was sought on the theory that defendants would spend the money it was collecting from the sale of the lots and that money would not then be available to spend in carrying out the false promises defendants had made to the various purchasers in inducing them to purchase lots, and to pay the damages plaintiff had sustained.

We reverse and vacate the receivership.

The defendants' first point of error is that the trial court erred in granting the plaintiff's application for the appointment of a receiver because the applicant did not file, and the court did not require them to file, the applicant's bond as is required by Rule 695a.

We sustain that point.

Rule 695a, T. R. C. P., provides: "No receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good and sufficient bond, to be

approved by such clerk, payable to the defendant in the amount fixed by the court, conditioned for the payment of all damages and cost in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property. The amount of such bond shall be fixed at a sum sufficient to cover all such probable damages and costs. . . ."

In this case Rule 695a was not complied with in that the trial court appointed the temporary receiver without requiring the applicant to post an applicant's bond as is required by that rule. No applicant's bond has ever been filed herein.

The trial court did set the amount of the receiver's bond that is required by Art. 2296, V. A. C. S. at $1,000.00 and the receiver did file it. But the filing of the receiver's bond by the receiver did not satisfy the requirement of Rule 695a that an applicant's bond also be filed.

■ The trial court committed reversible error in appointing a receiver to take charge of defendants' business and property without setting the amount of the applicant's bond and without requiring the applicant to post an applicant's bond as is required by Rule 695a, T. R. C. P. Compliance with Rule 695a in this respect is a prerequisite to the appointment of a receiver. *Greenland v. Pryor*, 360 S.W.2d 423 (San Antonio Tex.Civ.App., 1962, no writ hist.); *Low Cost Homes Bldg. Co. v. Banks*, 228 S.W.2d 535 (San Antonio Tex.Civ.App., 1950, no writ hist.); *Parr v. First State Bank of San Diego*, 507 S.W.2d 579 (San Antonio Tex.Civ.App., 1974, no writ hist.), and *Dinwitty v. McLemore*, 291 S.W.2d 448 (Dallas Tex.Civ.App., 1956, no writ hist.).

The purpose of requiring the bond, referred to by Rule 695a, is to be sure that a means will be available of reimbursing the defendant for any damages caused him by the appointment of the receiver, if such appointment is wrongfully obtained. This case is a perfect example of why such a bond should be required.

■ Before a plaintiff would be entitled to have a receiver appointed over defendant's business and property he must have a legal or equitable right to apply for such relief and he must have an interest in the subject matter. *Pelton v. First National Bank of Angleton*, 400 S.W.2d 398 (Houston Tex. Civ.App., 1966, no writ hist.). From the record before us we are wondering what right the corporation, that is the plaintiff in this case, would have to get a receiver appointed over defendants' business and property, by reason of the facts alleged. The petition alleges that the plaintiff is a corporation. A corporation is a legal entity with a personality that is separate and distinct from those persons that compose it or own its stock. 14 Tex.Jur.2d 122, Corporations, Sec. 10. The petition does not allege that the plaintiff corporation bought a lot or lots from the defendants. We are not at all sure that if some of the stockholders of the plaintiff corporation had purchased lots from the defendants, that the corporation would by reason of those purchases have a cause of action against the defendants. We merely call attention to this question, without trying to ascertain the answer to it, in order to emphasize the fact that there is a real reason for requiring the applicant's bond referred to in Rule 695a.

Defendants' second point of error is that the trial court erred in entering the order appointing the temporary receiver without notice to take charge of defendants' fixed and immovable property.

We sustain this point.

Rule 695, T. R. C. P., provides that "Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immovable. When an application for appointment of a receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days prior to such hearing."

Here the court appointed the temporary receiver without any notice to defendants and did it on the same day the suit was filed.

The petition alleged that defendants' business was that of selling unimproved real estate (lots in an addition). The order appointing the temporary receiver without notice ordered the receiver to take charge of all of the assets and property, tangible and intangible, of any kind and type wherever located that belonged to the defendant partnership Continental Homes Company.

"Tangible property" includes both real and personal property. *Erwin v. Steele*, 228 S.W.2d 882 (Dallas Tex.Civ.App., 1950, ref., n. r. e.).

Real estate is "fixed and immovable property" within the meaning of Rule 695, and the trial court committed reversible error in this case in appointing a receiver over the defendants' real estate (fixed and immovable property) without giving the defendants the notice required by Rule 695 and without giving defendants the right to be heard on the application before the receiver was appointed, as is required by Rule 695.

Our holding on the two points of error above discussed controls the disposition we must make of this case. If the matter arises again the trial court will be given the opportunity, at a hearing when both sides can be heard, to consider and pass on the questions raised in defendants' remaining two points of error.

The order appealed from is reversed and the receivership is vacated.