Alfred RUBIN, Appellant,

v.

Nathaniel GILMORE et al., Appellees.

No. 16951.

Court of Civil Appeals of Texas, Houston 1st Dist.

Dec. 29, 1977.

Schlanger, Cook, Cohn & Mills, Steven J. Watkins, Houston, for appellant.

Jefferson, Maness, Valdes & Mims, Carnegie H. Mims, Jr., Houston, for appellees.

EVANS, Justice.

This is an appeal from an order granting a temporary injunction and appointing a receiver.

The appellees, Nathaniel Gilmore and William Gibson, Jr. brought this action against Alfred L. Rubin, alleging an oral partnership agreement with Rubin concerning the operation of a night club known as the "New Yorker Club". Gilmore and Gibson sought an accounting for money allegedly received by Rubin and a temporary and permanent injunction restraining Rubin from interfering with their operation of the business. The appointment of a receiver was also requested. Rubin answered, denying the existence of a partnership and contending that he owned the business and that Gilmore and Gibson were his employees.

According to the testimony introduced at the temporary injunction hearing, Gilmore and Gibson were responsible for the management of the night club and Rubin was responsible for handling the financial affairs of the business. After the business had been in operation for approximately two months, a controversy developed with respect to whether Rubin was making proper application of business revenues to the payment of expenses. As a result of this dispute, Rubin padlocked the club premises, thereby terminating all business activity.

The trial court's temporary order, which is the subject of this appeal, enjoined Rubin from interfering with Gilmore and Gibson "in any manner in their operation and peaceable possession of the business known as the 'New Yorker Club'", and appointed a receiver to take charge of the operation of the business pending final hearing on the matter.

In Rubin's first point of error, he contends that the temporary injunction improperly interferes with his lease contract with the landowner, who was not made a party to the action.

The temporary order does not purport to affect the rights of the parties under the lease contract, and it has not been shown how the landowner's rights or obligations will be prejudiced or adversely affected by the order. Such rights as the owner of the property may have under the lease agreement remain outside the scope of the temporary order, and contrary to Rubin's argument, the fact that the owner was not a party to the proceedings did not deprive the trial court of its jurisdiction to enter the temporary order. Rule 39, Tex.R.Civ.P.; *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974).

It is Rubin's further contention that even if a partnership existed, his action in padlocking the premises constituted a dissolution of the partnership arrangement and that the temporary injunction order and the appointment of a receiver improperly deprived him of the right to wind up the partnership affairs.

The trial court found that Rubin had appropriated business income to his own personal use, that he had failed or refused to account for income collected and disbursed, and that he had wrongfully excluded Gilmore and Gibson from the premises. Rubin has not contested these findings. The trial court concluded that Gilmore and Gibson would be irreparably harmed unless Rubin was enjoined and a receiver was appointed to conserve and protect the business assets pending final hearing.

A trial court is clothed with broad discretion in determining whether to issue a writ of temporary injunction and its order will be reversed only upon a showing that there has been an abuse of this discretion. *Transport Company of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953). The trial court's findings support its conclusion of a probable wrong and a probable injury justifying the issuance of a temporary injunction. The record does not reflect an abuse of the trial court's discretion.

A trial court may appoint a receiver to take charge of the partnership business where the parties are unable to agree upon the management of a business and the partnership assets are in danger of being lost, removed or materially injured. Article 2293, Tex.Rev.Civ.Stat.Ann.; *Alexander v. Alexander,* 99 S.W.2d 1062 (Tex.Civ.App.— Austin 1936, no writ). A receiver may be appointed even though the existence of the partnership is denied. *Rische v. Rische,* 46 Tex.Civ.App. 23, 101 S.W. 849 (San Antonio 1907, writ dism'd). The trial court's findings in the instant case support its appointment of a receiver to take charge of the business pending final hearing on the merits.

It is next the contention of Rubin that the order appointing the receiver was unreasonably vague and that the trial court erred in failing to require the filing of a bond by Gilmore and Gibson as a condition to the appointment of the receiver.

The trial court's order directs the receiver to take financial control of the business and to protect the business assets and conserve the business profits pending the final resolution of the cause. It also directs the receiver to determine the amount of compensation to be paid to Gilmore and Gibson for their services pending final disposition of the cause, after taking into consideration the amount of income available for the payment of necessary expenses. Although the order could have been more specific with respect to the receiver's duties, it is not so vague as to render the order invalid.

The trial court was not, however, authorized to appoint a receiver in the absence of an applicant's bond filed in compliance with Rule 695a, Tex.R.Civ.P. Neither the filing of the receiver's bond nor the filing of the temporary injunction bond satisfied this requirement. *Continental Homes Co. v. Hilltown Property Owners Assoc., Inc.,* 529 S.W.2d 293 (Tex.Civ.App.— Fort Worth 1975, no writ). The requirement of an applicant's bond is mandatory, and non-compliance with Rule 695a requires the reversal of the order appointing the receiver. *Continental Homes Co. v. Hilltown Property Owners Assoc., Inc.* supra; *Parr v. First State Bank,* 507 S.W.2d 579 (Tex.Civ.App.—San Antonio 1974, no writ).

It is Rubin's further contention that the trial court's temporary injunction order is void in that it fails to state the reason for its issuance and does not describe in reasonable detail the act or acts sought to be restrained.

Rule 683, Tex.R.Civ.P. provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act

or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

The temporary injunction order recites that the court was of the opinion, after considering the verified petition, the evidence and argument of counsel, that Rubin probably had breached the partnership agreement and that he was interfering with normal business operations. The court further found that unless Rubin was restrained pending the final hearing, Gilmore and Gibson would suffer irreparable harm and damage in that their privilege to sell alcoholic beverages for public consumption might be canceled or revoked as a result of Rubin's conduct. The order further recites that in order to insure that the business was being operated properly and that all income and expenses were accounted for each day until final hearing, a receiver should be appointed for the reasons mentioned.

In its findings of fact the trial court found that Rubin had failed or refused to pay the gross receipt taxes owing from the sale of mixed beverages and that unless Rubin was enjoined and a receiver appointed pending final hearing, the plaintiff's permit to sell mixed beverages would be canceled for failure to pay the gross receipt taxes. Rubin, contends, however, that the trial court's findings cannot be upheld as there was no evidence of nonpayment of gross receipt taxes.

█ In reviewing Rubin's "no evidence" points, this court must review the record in a light most favorable to the trial court's judgment. *Fisher Construction Co. v. Riggs,* 160 Tex. 23, 325 S.W.2d 126 (1959). There was testimony that the club's operation was under investigation by the Texas Alcoholic Beverage Commission, and that the mixed beverage permit had possibly been suspended. As previously noted, the trial court found that Rubin had appropriated business funds to his own use and had

failed or refused to account for his handling of the venture's funds. Upon these findings the trial court could have concluded that Rubin would not likely pay in due course the regular expenses of the business, including the gross receipt taxes attributable to the sale of mixed beverages, and that irreparable injury would probably result unless Rubin was enjoined from interfering in the business and a receiver was appointed to take control of the venture pending a final hearing on the matter.

The final question to be determined is whether the injunction decree is sufficiently definite as to the activities which it seeks to enjoin.

In *Villalobos v. Holguin,* 146 Tex. 474, 208 S.W.2d 871 (1948), the Supreme Court said:

"An injunction decree must be as definite, clear and precise as possible, and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing."

The trial court's temporary order appoints a receiver to take charge of the operation of the business pending a final hearing, and it enjoins Rubin from interfering with Gilmore and Gibson "in any manner" in "their" operation and possession of the business. However, the decree does not specifically enjoin Rubin from going on or about the business premises nor does it indicate to what extent he is prohibited from involving himself in the business venture.

█ It has been decided, at least in cases involving the public interest, that an injunction decree need not specifically enumerate every possible act which might constitute an unauthorized practice. *San Antonio Bar Ass'n v. Guardian Abstract & Title Co.,* 156 Tex. 7, 291 S.W.2d 697 (1956); *Davies v. Unauthorized Practice Comm. of the State Bar,* 431 S.W.2d 590 (Tex.Civ.App. —Tyler 1968, writ ref'd n. r. e.). However, it is also settled that an injunction decree must to the extent practicable set forth in reasonable detail the nature of the acts prohibited so that the person restrained is

not left to conjecture as to whether certain acts will violate the terms of the decree. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967); *Villalobos v. Holguin,* supra.

■ In the case at bar Rubin was entitled to go about the business premises and to participate in the business affairs of the venture unless specifically restrained by the court's decree. The problem with the decree is that it does not clearly define the type of conduct which it seeks to prohibit. An injunction order which is framed so broadly as to prohibit the enjoyment of lawful rights is invalid. *Seline v. Baker,* 536 S.W.2d 631, 634 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Dincans v. Keeran,* 192 S.W. 603, 604 (Tex.Civ.App.—San Antonio 1917, no writ).

■ This court is empowered to modify the terms of the trial court's injunction order, but to do so in this case would entail conjecture by this court as to the specific conduct the trial court sought to prohibit by its temporary decree. It is therefore in the interest of justice that the cause be remanded to the trial court for such further orders and proceedings as it may deem appropriate. *Coates v. Coates,* 355 S.W.2d 260, 263 (Tex.Civ.App.—Eastland 1962, no writ).

The trial court's order granting the temporary injunction and appointing a receiver is reversed, and the cause is remanded for further proceedings.