Winston C. **KENWORTHY**; Kenworthy Tank Company, LP; and Cherokee Rental, Inc., Appellants,

v.

**KENWORTHY CORPORATION**, Mary E. Kenworthy, and Lynette Franklin, Appellees.

No. 11–04–00073–CV.

Court of Appeals of Texas, Eastland.

Oct. 21, 2004.

Michael G. Kelly, Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., Odessa, for appellants.

Mike Atkins, Kevin B. Laughlin, Atkins & Peacock, L.L.P., James M. O'Leary, Steve Brannan, Odessa, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

Kenworthy Corporation, Mary E. Kenworthy, and Lynette Franklin sued Win-

ston C. Kenworthy; Kenworthy Tank Company, LP; Cherokee Rental, Inc. and others seeking the dissolution of a limited partnership. After more than 120 days had expired from the date that appellees filed the suit for dissolution, they moved for a partial summary judgment under the Texas Revised Limited Partnership Act, TEX.REV.CIV.STAT.ANN. art. 6132a–1, § 4.02(a)(5) (Vernon Supp.2004–2005). Appellees claimed that the passage of more than 120 days without a dismissal of the suit resulted in an "event of withdrawal"; that, as a result of that "event of withdrawal," Winston C. Kenworthy was no longer the general partner; that the partnership was, therefore, automatically dissolved; and that they were entitled to the appointment of a trustee to wind up the affairs of the limited partnership.

The trial court granted a partial summary judgment in which it held that the limited partnership was dissolved. The trial court also appointed a trustee to wind up the affairs of the limited partnership. Because we hold that the pendency of this lawsuit did not bring about an "event of withdrawal," we reverse the partial summary judgment, set aside the order appointing the trustee, and remand this cause to the trial court.[1]

Appellees are limited partners of a limited partnership known as Kenworthy Tank Company, LP. Cherokee Rental, Inc. is also a limited partner of Kenworthy Tank. Gary L. Watkins is another limited partner of Kenworthy Tank but is not involved in this appeal. Winston C. Kenworthy is the general partner of Kenworthy Tank. A discussion of the business pursuits of the partnership as well as its financial position and general background is omitted from this opinion as it is not germane to the main issue to be decided.

In two unnumbered issues, appellants first argue that the trial court erred when it entered a partial summary judgment declaring that the limited partnership had automatically terminated under the provisions of the Texas Revised Limited Partnership Act. Next, appellants argue that the trial court also erred when it appointed a trustee to wind up the affairs of the limited partnership. We have found no cases, nor have we been cited to any, in which the issues presented to us have been decided.

■ Appellees, as movants for summary judgment, had the burden of showing that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676 (Tex.1979). Here, we are called upon to construe a statute. Such questions are considered to involve questions of law, and they are reviewed de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989); *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996).

In its summary judgment, the trial court found that an "event of withdrawal" had occurred and that Kenworthy Tank was automatically dissolved. The trial court's ruling was based upon its interpretation of Article 6132a–1, section 4.02(a)(5) which provides:

(a) A person ceases to be a general partner of a limited partnership on the

---

1. Even though this appeal involves a partial summary judgment, this court has jurisdiction of this appeal because the trial court appointed a trustee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (Vernon Supp. 2004–2005).

occurrence of any of the following events of withdrawal:

(5) Unless otherwise provided in a written partnership agreement or with the written consent of all partners, 120 days expire after the date of the commencement of a proceeding against the general partner seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any law if the proceeding has not been previously dismissed, or 90 days expire after the date of the appointment, without the general partner's consent or acquiescence, of a trustee, receiver, or liquidator of the general partner or of all or any substantial part of the general partner's properties if the appointment has not previously been vacated or stayed, or 90 days expire after the date of expiration of a stay, if the appointment has not previously been vacated.[2]

■ Appellees claim that, because the suit had not been dismissed, an "event of withdrawal" occurred on the 121st day after this lawsuit was filed and the partnership was automatically dissolved as provided for by the Texas Revised Limited Partnership Act, TEX.REV.CIV.STAT. ANN. art. 6132a–1, § 8.01 (Vernon Supp. 2004–2005). They also argue that, after the automatic dissolution, they were entitled to the appointment of a trustee to wind up the affairs of the partnership in accordance with Article 6132a–1, section 8.01 of the Texas Revised Limited Partnership Act because there was no other general partner. Appellants argue that the pendency of this lawsuit did not bring about an "event of withdrawal" and, therefore, did not trigger an automatic dissolution. We agree with appellants.

We construe a statute with the goal of determining and giving effect to the legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998); *American Home Products Corporation v. Clark*, 38 S.W.3d 92, 95–96 (Tex.2000). This court will attempt to discover the intent from the language actually used by the legislature. *Mitchell Energy Corporation v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997). We look first to the plain and common meaning of the words used in the statute. *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865 (Tex.1999). If the meaning is unambiguous, a statute should generally be interpreted according to its plain meaning. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex.2003). We also consider the nature and object of the statute and the consequences which would follow from alternate constructions offered. *Atascosa County v. Atascosa County Appraisal District*, 990 S.W.2d 255, 258 (Tex.1999).

While appellees argue that this very lawsuit triggered an "event of withdrawal" and the attendant dissolution, appellants maintain that Article 6132a–1, section 4.02(a)(5) speaks to lawsuits *against the general partner* in which relief is sought *against the general partner* for *the general partner's* reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief. This lawsuit, appellants argue, is for dissolution of the partnership and not the dissolution of the general partner; therefore, Article 6132a–1, section 4.02(a)(5) does not apply. Appellants refer us to a 1985 revised comment to the Uniform Limited Partnership Act, former TEX.REV. CIV.STAT. art. 6132a, § 4.02, written when the Uniform Act was amended by the National Conference of Commissioners on Uniform State Laws. That comment indicated that the

**2.** The limited partnership agreement did not provide otherwise.

purpose of former Section 4.02(a)(5) was to give the limited partners "the power to rid themselves of a general partner who is in such dire financial straits that he is the subject of proceedings under the National Bankruptcy Code or a similar provision of law." We also find it significant that current Article 6132a–1, section 4.02(a)(5) also refers specifically to the appointment of a trustee *over the general partner* or *over the general partner's property.*

Limited partners should be able to avoid continuing in a business relationship with a general partner who finds himself in conditions such as those described in Article 6132a–1, section 4.02(a)(5). They should not be required to continue to leave their investments and the conduct of the business of the partnership in the hands of one so situated. We believe that to be the purpose and intent of Section 4.02(a)(5). We further believe that for us to hold that suits seeking dissolution of the limited partnership, as opposed to the dissolution of the general partner, create an "event of withdrawal" would be contrary to the clear purpose of the statute. Otherwise, displeased limited partners could file a lawsuit seeking dissolution of the partnership, name the general partner as a defendant, wait for 120 days (which is not at all an inordinate time for a lawsuit to be pending in litigation between partners), and then recover more or less by default on contested issues involved in the dissolution of the partnership, not the dissolution of the general partner, simply because the suit was not over in 120 days. According to the plain meaning of Section 4.02(a)(5), we cannot say that the legislature intended such a result.

Furthermore, limited partners would have no participation in or control over complaints by third parties, such as are enumerated in Section 4.02(a)(5), against general partners. Section 4.02(a)(5) fills that void by providing a way for limited partners to protect themselves in such situations. Moreover, in situations not involving third parties, Section 8.02[3] provides ample protection for limited partners by providing, among other things, for judicial dissolution when a partner has engaged in conduct *"relating to the limited partnership business"* that makes carrying on the business with that partner not reasonably practicable. To read Section 4.02(a)(5) as appellees would have us read it would render Section 8.02 unnecessary although Section 8.02 is designed for this situation.

Because this lawsuit was one to dissolve the limited partnership as opposed to a lawsuit against the general partner for the type of relief outlined in Article 6132a–1, section 4.02(a)(5), we hold that by the plain meaning of Article 6132a–1, section 4.02(a)(5) an "event of withdrawal" did not occur. In the absence of an "event of withdrawal" in this case, there was no automatic dissolution; and, as a matter of law, appellants were not entitled to have a trustee appointed to wind up the affairs of the partnership. Appellants' issues on appeal are sustained.

The summary judgment is reversed, the order appointing the trustee is set aside, and this cause is remanded to the trial court.

**3.** Texas Revised Limited Partnership Act, TEX.REV.CIV.STAT.ANN. art. 6132a–1, § 8.02 (Vernon Supp.2004–2005).