Ijaz AHMAD, Appellant,

v.

Maleeha AHMED and Medina Mart, Inc., Appellees.

No. 01–05–00848–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 2006.

Jeffrey Wells Oppel, Oppel, Goldberg & Saenz, P.L.L.C., Houston, TX, for Appellant.

Allen David Russell, Taylor & Taylor, Houston, TX, for Appellees.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

JANE BLAND, Justice.

Ijaz Ahmad appeals an interlocutory order appointing a receiver to possess and manage appellee, Medina Mart, Inc., a corporation in which Ijaz and appellee, Maleeha Ahmed, each own a fifty percent interest.[1] On appeal, Ijaz contends the trial court (1) abused its discretion in appointing a receiver to liquidate Medina Mart under article 7.06 of the Texas Business Corporation Act, (2) abused its discretion in appointing a receiver to take control of and manage Medina Mart under article 7.05 of the Act, (3) erred in creating a receivership without requiring Maleeha to file a bond with the clerk payable to Ijaz pursuant to Texas Rule of Civil Procedure 695a, and (4) erred in appointing the receiver ex parte and sua sponte. We conclude that the trial court erred in appointing the receiver without ordering that Maleeha file a bond as required by Rule 695a. We therefore reverse the trial court's order appointing the receiver, and order the receivership dissolved.

## Background

Originally, three brothers owned a one-third interest in Medina Mart: Ishfaq Ahmed, Shehzad Anjum, and Ijaz. Ishfaq died in June 2001, leaving his share to his widow, Maleeha. A dispute regarding the ownership of Medina Mart arose and litigation ensued. In December 2002, Shehzad, who had returned to India, voluntarily forfeited his ownership interest in the company, and Maleeha and Ijaz entered into a settlement agreement. The settlement agreement established, among other things, that Maleeha and Ijaz would each own fifty percent of the company, that each would receive a monthly salary from the company, that they would make all business decisions jointly, and that they would enter into a buy-sell agreement granting each other the first right to purchase shares from the other.

Less than a year later, in November 2003, Maleeha sued Ijaz and Medina Mart in Harris County, alleging breach of the settlement agreement, as well as conversion and fraud, and seeking various forms of injunctive relief, including the appointment of a receiver. In July 2004, while the Harris County action was pending, Maleeha sued Medina Mart in Waller County, seeking the appointment of a receiver and other injunctive relief. The Waller County court enjoined the parties from transferring their shares in the company and from refusing to execute documents necessary to maintain permits, licenses, or contracts required for the operation of Medina Mart. The court also transferred the case to Harris County.

Meanwhile, Maleeha moved in the original Harris County case for appointment of a receiver for Medina Mart. The court did not rule on the motion, but instead decided in February 2005 that it lacked subject-matter jurisdiction over the case. Accordingly, the Harris County court consolidated the two lawsuits and transferred them back to Waller County.

In March 2005, the Waller County court heard Maleeha's motion to appoint a receiver. Maleeha and her attorney failed to appear, however, and the trial court denied the motion. Maleeha moved for reconsideration, and though the court held a hearing in May 2005, it made no immediate ruling regarding the appointment of a re-

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(1) (Vernon Supp.2005) (authorizing interlocutory appeal from order appointing receiver).

ceiver. Maleeha then moved the court to modify its injunction to allow her both to sell her stock in Medina Mart and to refuse to execute the documents necessary to renew Medina Mart's alcoholic beverage and lottery licenses, citing religious reasons. The trial court heard Maleeha's motion in June 2005.[2] At the conclusion of the hearing, the trial court stated, "I've heard enough of this case.... Y'all are excused. I'll appoint a receiver and you can take up these issues with them."

Maleeha subsequently submitted a proposed order to create the receivership. Ijaz objected to the proposed order, pointing out that it failed to require Maleeha to post a bond with the clerk payable to Ijaz in an amount fixed by the trial court pursuant to Texas Rule of Civil Procedure 695a. *See* TEX.R. CIV. P. 695a. Ijaz thus did not waive the bond. In July 2005, the trial court issued an order naming Carol Chaney as the receiver for Medina Mart pursuant to article 7.05 of the Texas Business Corporation Act. TEX. BUS. CORP. ACT ANN. art. 7.05 (Vernon 2003). The order did not require Maleeha to file a bond with the clerk payable to Ijaz. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1) (Vernon Supp.2005).

## Analysis

Ijaz asserts that the trial court abused its discretion by appointing a receiver either to liquidate Medina Mart pursuant to article 7.06 of the Texas Business Corporation Act, or to take control of the company pursuant to article 7.05 of the Act.[3] *See* TEX. BUS. CORP. ACT ANN. arts. 7.05–.06. Ijaz further contends that the trial court erred

in failing to require Maleeha to post a bond with the clerk payable to Ijaz pursuant to Texas Rule of Civil Procedure 695a, and finally that the trial court erred in appointing the receiver ex parte and sua sponte.

*Rule 695a*

■■■ A court may not appoint a receiver until the party requesting appointment of the receiver has filed a bond with the clerk of the court payable to the defendant in an amount fixed by the court. TEX.R. CIV. P. 695a. The purpose of the bond is to ensure that the defendant can be reimbursed for any damages caused by the appointment of the receiver in the event that the receiver was wrongfully appointed. *Id.; Cont'l Homes Co. v. Hilltown Prop. Owners Ass'n, Inc.,* 529 S.W.2d 293, 295 (Tex.Civ.App.-Fort Worth 1975, no writ). The applicant's bond is a prerequisite to the appointment of a receiver, and the trial court's failure to require the bond necessitates reversal of the order appointing the receiver. *Rubin v. Gilmore,* 561 S.W.2d 231, 234 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ) ("[N]on-compliance with Rule 695a requires the reversal of the order appointing the receiver."); *Cont'l Homes,* 529 S.W.2d at 295. The filing of a bond by the receiver pursuant to Texas Civil Practice and Remedies Code section 64.023 will not satisfy this requirement. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 64.023 (Vernon 1997) (requiring receiver to post bond in amount fixed by court and conditioned on faithful discharge of her duties as receiver and obedience to orders of court); *Cont'l Homes,* 529 S.W.2d at 295 ("The filing of the receiver's bond by the

---

2. Though Maleeha did not mention the appointment of a receiver in that motion, the notice of oral hearing she served with the motion indicated that the hearing would involve her motion to appoint a receiver.

3. Although the trial court's order specifically states that the receiver, Chaney, is to act pursuant to article 7.05, Ijaz claims that Chaney has indicated that her role is to liquidate the company.

receiver d[oes] not satisfy the requirement of Rule 695a that an applicant's bond also be filed."); *see also Rubin*, 561 S.W.2d at 234 (same).

In this case, the trial court's order does not require Maleeha to file a bond payable to Ijaz—nor does it indicate an appropriate amount for such a bond. Ijaz, in objecting to Maleeha's proposed order, pointed out to the trial court that the bond was required pursuant to Rule 695a and proposed an amount. Although the trial court properly required the receiver to post a bond payable to the trial court pursuant to Civil Practice and Remedies Code section 64.023, it did not incorporate the additional Rule 695a bond requirement into its order. Moreover, the record does not indicate that Maleeha has posted the required Rule 695a bond. Therefore, the requirements of Rule 695a have not been met, and the receivership must be dissolved. TEX.R. CIV. P. 695a; *Rubin*, 561 S.W.2d at 234; *Cont'l Homes*, 529 S.W.2d at 295.

*Mootness*

In response to Ijaz's brief, Maleeha submitted a letter brief indicating that the trial court has verbally dissolved the receivership, thus rendering Ijaz's appeal moot. We ordered the clerk to supplement the record with any orders concerning modification or dissolution of the receivership. The supplemental record includes a written order issued in November 2005 calling for the receiver to file an application for fees and expenses with the court, and stating that the receiver would be released upon approval of the application. The receiver subsequently submitted an application, and the trial court issued an order in May 2006 requiring the parties to pay her the amount requested. This order, however, does not dissolve the receivership or otherwise address the status of the receivership. An earlier docket sheet entry included in the supplemental record indicates that the trial court released the receiver on January 27, 2006, apparently by verbal order. But appellate courts generally do not consider a docket entry to be a binding, enforceable order of the court. *See, e.g., Miller v. Kendall*, 804 S.W.2d 933, 944 (Tex.App.-Houston [1st Dist.] 1990, no writ) ("The docket notation ... does not constitute a ruling that we may review."); *Energo Int'l Corp. v. Modern Indus. Heating*, 722 S.W.2d 149, 151 (Tex.App.-Dallas 1986, no writ) ("A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience."). Based on the record before us, we cannot conclude that Ijaz's appeal is moot.

As we conclude that the trial court's failure to comply with the Rule 695a bond requirement is dispositive, we need not address Ijaz's remaining issues. *See* TEX. R.APP. P. 47.1.

## Conclusion

We conclude that the trial court failed to comply with Rule 695a when it appointed a receiver without requiring Maleeha to file a bond with the clerk of the court payable to Ijaz. We therefore reverse the trial court's order appointing the receiver, and order the receivership dissolved.