Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued August 3,
2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00848-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IJAZ AHMAD, Appellant

 

V.

 

MALEEHA AHMED AND MEDINA MART, INC., Appellees

 

 



On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 04-07-17398

 








 



O P I N I O N

 

          Ijaz
Ahmad appeals an interlocutory order appointing a receiver to possess and
manage appellee, Medina Mart, Inc., a corporation in which Ijaz and appellee,
Maleeha Ahmed, each own a fifty percent interest.[1]  On appeal, Ijaz contends the trial court (1)
abused its discretion in appointing a receiver to liquidate Medina Mart under
article 7.06 of the Texas Business Corporation Act, (2) abused its discretion
in appointing a receiver to take control of and manage Medina Mart under
article 7.05 of the Act, (3) erred in creating a receivership without requiring
Maleeha to file a bond with the clerk payable to Ijaz pursuant to Texas Rule of
Civil Procedure 695a, and (4) erred in appointing the receiver ex parte and sua
sponte.  We conclude that the trial court
erred in appointing the receiver without ordering that Maleeha file a bond as required
by Rule 695a.  We therefore reverse the
trial court’s order appointing the receiver, and order the receivership
dissolved.

Background

          Originally,
three brothers owned a one-third interest in Medina Mart: Ishfaq Ahmed, Shehzad
Anjum, and Ijaz.  Ishfaq died in June
2001, leaving his share to his widow, Maleeha.  A dispute regarding the ownership of Medina
Mart arose and litigation ensued.  In
December 2002, Shehzad, who had returned to India, voluntarily forfeited his
ownership interest in the company, and Maleeha and Ijaz entered into a
settlement agreement.  The settlement
agreement established, among other things, that Maleeha and Ijaz would each own
fifty percent of the company, that each would receive a monthly salary from the
company, that they would make all business decisions jointly, and that they
would enter into a buy-sell agreement granting each other the first right to
purchase shares from the other.

          Less
than a year later, in November 2003, Maleeha sued Ijaz and Medina Mart in
Harris County, alleging breach of the settlement agreement, as well as
conversion and fraud, and seeking various forms of injunctive relief, including
the appointment of a receiver.  In July
2004, while the Harris County action was pending, Maleeha sued Medina Mart in
Waller County, seeking the appointment of a receiver and other injunctive
relief.  The Waller County court enjoined
the parties from transferring their shares in the company and from refusing to
execute documents necessary to maintain permits, licenses, or contracts
required for the operation of Medina Mart. 
The court also transferred the case to Harris County.

Meanwhile, Maleeha moved in the
original Harris County case for appointment of a receiver for Medina Mart.  The court did not rule on the motion, but
instead decided in February 2005 that it lacked subject-matter jurisdiction
over the case.  Accordingly, the Harris
County court consolidated the two lawsuits and transferred them back to Waller
County.  

In March 2005, the Waller County
court heard Maleeha’s motion to appoint a receiver.  Maleeha and her attorney failed to appear,
however, and the trial court denied the motion. 
Maleeha moved for reconsideration, and though the court held a hearing
in May 2005, it made no immediate ruling regarding the appointment of a
receiver.  Maleeha then moved the court
to modify its injunction to allow her both to sell her stock in Medina Mart and
to refuse to execute the documents necessary to renew Medina Mart’s alcoholic
beverage and lottery licenses, citing religious reasons.  The trial court heard Maleeha’s motion in
June 2005.[2]  At the conclusion of the hearing, the trial
court stated, “I’ve heard enough of this case. . . .  Y’all
are excused.  I’ll appoint a receiver and
you can take up these issues with them.”

Maleeha subsequently submitted a
proposed order to create the receivership. 
Ijaz objected to the proposed order, pointing out that it failed to
require Maleeha to post a bond with the clerk payable to Ijaz in an amount
fixed by the trial court pursuant to Texas Rule of Civil Procedure 695a.  See Tex.
R. Civ. P. 695a.  Ijaz thus did
not waive the bond.  In July 2005, the
trial court issued an order naming Carol Chaney as the receiver for Medina Mart
pursuant to article 7.05 of the Texas Business Corporation Act.  Tex.
Bus. Corp. Act Ann. art. 7.05 (Vernon 2003).  The order did not require Maleeha to file a
bond with the clerk payable to Ijaz.  This
interlocutory appeal followed.  See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)
(Vernon Supp. 2005).

Analysis

Ijaz asserts that the trial court
abused its discretion by appointing a receiver either to liquidate Medina Mart
pursuant to article 7.06 of the Texas Business Corporation Act, or to take
control of the company pursuant to article 7.05 of the Act.[3]  See Tex.
Bus. Corp. Act Ann. arts. 7.05–.06. 
Ijaz further contends that the trial court erred in failing to require
Maleeha to post a bond with the clerk payable to Ijaz pursuant to Texas Rule of
Civil Procedure 695a, and finally that the trial court erred in appointing the
receiver ex parte and sua sponte.

Rule 695a

A court may not appoint a receiver
until the party requesting appointment of the receiver has filed a bond with the
clerk of the court payable to the defendant in an amount fixed by the
court.  Tex.
R. Civ. P. 695a.  The purpose of
the bond is to ensure that the defendant can be reimbursed for any damages
caused by the appointment of the receiver in the event that the receiver was
wrongfully appointed.  Id.; Cont’l
Homes Co. v. Hilltown Prop. Owners Ass’n, Inc., 529 S.W.2d 293, 295 (Tex.
Civ. App.—Fort Worth 1975, no writ).  The
applicant’s bond is a prerequisite to the appointment of a receiver, and the
trial court’s failure to require the bond necessitates reversal of the order
appointing the receiver.  Rubin v.
Gilmore, 561 S.W.2d 231, 234 (Tex. Civ. App.—Houston [1st Dist.] 1977, no
writ) (“[N]on-compliance with Rule 695a requires the reversal of the order
appointing the receiver.”); Cont’l Homes, 529 S.W.2d at 295.  The filing of a bond by the receiver pursuant
to Texas Civil Practice and Remedies Code section 64.023 will not satisfy this
requirement.  See Tex. Civ. Prac. & Rem. Code Ann. §
64.023 (Vernon 1997) (requiring receiver to post bond in amount fixed by court and
conditioned on faithful discharge of her duties as receiver and obedience to
orders of court); Cont’l Homes, 529 S.W.2d at 295 (“The filing of the
receiver’s bond by the receiver d[oes] not satisfy the requirement of Rule 695a
that an applicant’s bond also be filed.”); see also Rubin, 561
S.W.2d at 234 (same).

In this case, the trial court’s order
does not require Maleeha to file a bond payable to Ijaz—nor does it indicate an
appropriate amount for such a bond.  Ijaz,
in objecting to Maleeha’s proposed order, pointed out to the trial court that
the bond was required pursuant to Rule 695a and proposed an amount.  Although the trial court properly required
the receiver to post a bond payable to the trial court pursuant to Civil
Practice and Remedies Code section 64.023, it did not incorporate the
additional Rule 695a bond requirement into its order.  Moreover, the record does not indicate that
Maleeha has posted the required Rule 695a bond. 
Therefore, the requirements of Rule 695a have not been met, and the
receivership must be dissolved.  Tex. R. Civ. P. 695a; Rubin, 561
S.W.2d at 234; Cont’l Homes, 529 S.W.2d at 295.

Mootness

          In
response to Ijaz’s brief, Maleeha submitted a letter brief indicating that the
trial court has verbally dissolved the receivership, thus rendering Ijaz’s
appeal moot.  We ordered the clerk to
supplement the record with any orders concerning modification or dissolution of
the receivership.  The supplemental
record includes a written order issued in November 2005 calling for the
receiver to file an application for fees and expenses with the court, and
stating that the receiver would be released upon approval of the
application.  The receiver subsequently
submitted an application, and the trial court issued an order in May 2006
requiring the parties to pay her the amount requested.  This order, however, does not dissolve the
receivership or otherwise address the status of the receivership.  An earlier docket sheet entry included in the
supplemental record indicates that the trial court released the receiver on January
27, 2006, apparently by verbal order.  But
appellate courts generally do not consider a docket entry to be a binding,
enforceable order of the court.  See,
e.g., Miller v. Kendall, 804 S.W.2d 933, 944 (Tex. App.—Houston [1st
Dist.] 1990, no writ) (“The docket notation . . . does not constitute a ruling
that we may review.”); Energo Int’l Corp. v. Modern Indus. Heating, 722
S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ) (“A docket entry forms no part
of the record which may be considered; it is a memorandum made for the trial
court and clerk’s convenience.”).  Based
on the record before us, we cannot conclude that Ijaz’s appeal is moot.

As we conclude that the trial court’s
failure to comply with the Rule 695a bond requirement is dispositive, we need
not address Ijaz’s remaining issues.  See
Tex. R. App. P. 47.1.

 

 

 

 

 

 

 

 

Conclusion

          We
conclude that the trial court failed to comply with Rule 695a when it appointed
a receiver without requiring Maleeha to file a bond with the clerk of the court
payable to Ijaz.  We therefore reverse
the trial court’s order appointing the receiver, and order the receivership
dissolved.

          

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.











[1] See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(1) (Vernon Supp. 2005) (authorizing interlocutory appeal from order
appointing receiver).

 

 





[2] Though Maleeha did not mention the appointment of a
receiver in that motion, the notice of oral hearing she served with the motion
indicated that the hearing would involve her motion to appoint a receiver.

 





[3] Although the trial court’s order specifically states
that the receiver, Chaney, is to act pursuant to article 7.05, Ijaz claims that
Chaney has indicated that her role is to liquidate the company.