

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00802-CV

Melissa **SUTTON**,
Appellant

v.

Patricia **ANGELL**,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 11-05-00128-CVK
Honorable Stella Saxon, Judge Presiding

Opinion by:　Sandee Bryan Marion, Justice

Sitting:　　　Sandee Bryan Marion, Justice
　　　　　　　Marialyn Barnard, Justice
　　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　July 17, 2013

REVERSED AND REMANDED; RECEIVERSHIP DISSOLVED

Appellant, Melissa Sutton, appeals the trial court's November 8, 2012 order appointing a receiver.[1] In two issues on appeal, Sutton contends the trial court (1) erred in appointing a receiver without the requirement of an applicant's bond per Rule 695a of the Texas Rules of Civil Procedure, and (2) abused its discretion by appointing a receiver. We reverse the trial court's order, dissolve the receivership, and remand for further proceedings.

---

[1] On February 4, 2012, appellee, Patricia Angell, filed a motion to dismiss the appeal as moot, stating she abandons any right to the appointment of a receiver. However, because it appears the order appointing a receiver has not been set aside, we deny the motion to dismiss and address the appeal on the merits.

## BACKGROUND

Sutton and Angell operated a business together in Karnes County. On May 25, 2011, Angell filed a Petition for Partnership Accounting, Winding Up, and Other Affairs. The trial court ordered mediation, but there was no resolution of the case. On October 7, 2012, Angell filed her First Amended Application for Appointment of a Receiver, alleging she was excluded from the property by Sutton, which was jointly owned by Sutton and Angell, and alleging Sutton had sold Angell's share of the partnership assets to a "silent partner." A hearing was held, and the trial court entered an order appointing a receiver. This appeal followed.

## APPLICANT'S BOND

Rule 695a of the Texas Rules of Civil Procedure states: "No receiver shall be appointed with authority to take charge of property until the party applying therefore has filed . . . a good and sufficient bond . . . in the amount fixed by the court." TEX. R. CIV. P. 695a. The purpose of an applicant's bond is to ensure the defendant can be reimbursed for any damages caused by the appointment of a receiver should that receiver be wrongfully appointed. *Ahmad v. Ahmed*, 199 S.W.3d 573, 575 (Tex. App.—Houston [1st Dist.] 2006, no pet.). It is reversible error if the trial court appoints a receiver without setting the amount of the applicant's bond and without requiring the applicant to post the bond as is required by Rule 695a. *Cont'l Homes Co. v. Hilltown Prop. Owners Ass'n, Inc.*, 529 S.W.2d 293, 295 (Tex. Civ. App.—Fort Worth 1975, no writ).

Angell, as the applicant for the appointment of a receiver, was required to file a bond with the clerk. Sutton asserts this bond was not filed. Angell has not disputed this issue, and has declined to file an appellee's brief. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). It appears from the record an applicant's bond was not filed in this case: the reporter's record reveals no indication the applicant's bond was filed, Angell's application for appointment of receiver does not mention the

filing of an applicant's bond, and the trial court's order appointing a receiver does not indicate a requirement for Angell to file the bond, nor does it indicate an appropriate amount for such a bond. Accordingly, we conclude the trial court erred in appointing the receiver without ordering that Angell file an applicant's bond as required by Rule 695a. Therefore, we reverse the trial court's order appointing receiver, order the receivership dissolved, and remand for further proceedings.

Sandee Bryan Marion, Justice