

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00107-CV

_____

GARY BRUCE PEEK, Appellant

V.

LINDA MAYFIELD, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV12-04-254

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Gary Bruce Peek (Bruce) appeals an interim judgment in this trust dispute. Only one question is properly before us in this interlocutory appeal, and it concerns compliance with a simple rule that requires applicants for receivership to post bond. The district court did not require Appellee Linda Mayfield to post bond, so the receivership must be dissolved. We reverse and remand.

## I.    BACKGROUND

### A.    Background from the El Paso Court of Appeals

The factual setting for this case was well stated in an earlier opinion from the El Paso Court of Appeals:

### FACTUAL SUMMARY

Russell and Dorothy Peek were the parents of [Linda] and Bruce. During their lifetime, Russell and Dorothy set up the Peek Family Revocable Trust (2000), a revocable trust that would benefit Bruce, [Linda], and several other relatives. Several real properties and other assets were placed in the trust. The trust was to become irrevocable on the death of either Russell or Dorothy. Russell and Dorothy were trustees until January 2010 at which time [Linda]'s daughter, [Lainie] Latshaw, and Bruce were appointed as trustees. Latshaw was asked to resign as trustee in October 2012.

By the time Dorothy and Russell were in their nineties, the record reflects significant family discord. Bruce and [Linda], though brother and sister, had not spoken to one another in thirty years. Several family members claimed that Dorothy and Bruce had restricted access to Russell, who at times was in an assisted living center, and at times lived in a house that Bruce had built right next to his own residence. For the time Russell was in the assisted living center, the facility excluded visits from most family members, and disallowed Russell access to a phone. A locked gate restricts access to Bruce's property. Some family members

2

called the police and adult protective services, questioning whether Russell was being held against his will. Conversely, Dorothy alleged that a disinherited relative had made death threats against her, and others were taking advantage of Russell's diminished mental capacity for financial gain.

In 2011, Dorothy was appointed as guardian of Russell. After her death on November 20, 2012, Bruce was appointed Russell's guardian. Russell passed away on May 12, 2014.

## PROCEDURAL SUMMARY

The suit before us was first filed [in the district court] on April 20, 2012, by Dorothy against her niece, [Belinda], and her granddaughter, [Jill]. After Dorothy passed away, Bruce was named independent executor to her estate and continued the lawsuit in both his representative and individual capacity. The last live petition, which added [Linda] as a defendant, asserted claims of libel, slander, and intentional infliction of emotional distress. These claims largely arose out of the defendants' alleged calls to the authorities expressing concern for how Russell was being treated by Dorothy, and later by Bruce.

[Linda] filed counterclaims against Bruce alleging three claims germane to this appeal, which we categorize as the Trust Claim, the Guardianship Claim, and the Will Claim:

> • Bruce, as trustee of The Peek Family Revocable Living Trust (2000), violated his fiduciary duties to the trust's beneficiaries by using undue influence over Russell and Dorothy to amend and ultimately terminate the trust, to remove all other beneficiaries except for himself and to transfer all of the trust property to another trust. The suit alleges this as a violation of his duties as trustee (the 'Trust Claim').

> • [Linda] asserts that Bruce and a non-party attorney applied to make Dorothy guardian of Russell knowing she was not qualified or capable, or alternatively, they learned that while she was guardian, and took advantage of the situation to take for themselves trust and estate assets. [Linda] also makes a similar claim against Bruce in his capacity as guardian of Russell's person (the 'Guardianship Claim').

3

> • Bruce participated in a joint enterprise with a non-party attorney to use undue influence over Dorothy to change her will to disinherit [Linda] (the 'Will Claim').
>
> [Linda] sought an accounting from the original trust, and the later trust that Bruce set up, along with restitution of financial gains to Bruce and return of any property removed. The suit also sought removal of Bruce as trustee, and appointment of a successor trustee and receiver to take possession of the trust assets.

*Mayfield v. Peek*, 546 S.W.3d 253, 256–57 (Tex. App.—El Paso 2017, no pet.) (footnotes omitted).

## B.    The El Paso Court of Appeals' Disposition

Ultimately, the El Paso Court of Appeals disposed of the Will Claim and the Guardianship Claim with instructions that they be dismissed on remand; it reversed and remanded the Trust Claim for further development of the record on the dominant jurisdiction issue; and it affirmed the unchallenged portion of the final judgment disposing of Linda's, Belinda's, and Bruce's other claims. *Id.* at 267–68. After the El Paso court's disposition, the only surviving claim was the Trust Claim, which is Linda's counterclaim for breach of fiduciary duty. In it, Linda alleged that Bruce "violated his fiduciary duties to the trust's beneficiaries by using undue influence over the trust settlors and beneficiaries" in an effort "to terminate the trust, to remove all other beneficiaries except for himself and to transfer all of the trust property" to his own trust. According to the El Paso court, the key issue as to the Trust Claim was dominant jurisdiction, and the "only question" that had bearing on

4

whether another court had dominant jurisdiction was whether another proceeding had previously "been filed in a county court at law that raised the Trust Claim." *Id.* at 266.

## C. After Remand

On remand, Bruce filed a motion to dismiss on the basis of dominant jurisdiction in district court, and he appended documents meant to better develop the issue.

The district court initially granted Bruce's motion and dismissed the case. Linda filed a motion for new trial. Within plenary power, the district court granted a new trial. *See* Tex. R. Civ. P. 329b.

The district court then held a bench trial. On March 17, 2020, the district court rendered an "interim judgment" on the merits in which it found:

- that Bruce had breached his fiduciary duties to the trust beneficiaries;

- that he had exerted undue influence over Dorothy;

- that various deed transfers should be voided;

- that Bruce should account for the trust property;

- that Linda was entitled to compensation for lost profits and any depreciation in the value of her share of the trust property;

- that Linda should be awarded $1,000,000 in punitive damages;

- that Bruce should be removed as trustee and that a receiver should be appointed in his place;

5

- that Bruce should be enjoined from taking any action in administering the trust except providing an accounting; and

- that a lien should be placed on all property transferred from the trust to Bruce or his own trust.

The district court indicated that it would sign a final judgment upon consideration of a report provided by the newly appointed receiver. Bruce filed this interlocutory appeal.

## II. JURISDICTION ON INTERLOCUTORY APPEAL

In their briefs, Bruce and Linda argue the gamut of issues in the case, which range from the question of dominant jurisdiction to the sufficiency of the evidence to support the district court's findings of undue influence and breach of fiduciary duty, and to the propriety of the receivership and punitive damages. However, the district court's order is not a final judgment, and many of these issues are beyond the limited scope of this interlocutory appeal.

As to the finality of the judgment, "[a]s a general rule, appeals may be taken only from final judgments." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). This rule serves the interests of consistency, finality, and judicial economy, and it ensures that appellate courts "decide issues on a full record, do not unnecessarily delay the underlying trial, avoid futility, and consider all issues in a single round of review." *Id.* "[A] judgment is final either if it actually

6

disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (cleaned up). Neither of those conditions is satisfied here. Just the opposite, the interim judgment unequivocally states that the district court was reserving final judgment in the case; the interim judgment indicates that the district court "will sign a final judgment upon consideration of a report provided by the receiver." *Cf. In re S.L.*, No. 05-11-00560-CV, 2012 WL 5355708, at *3–4 (Tex. App.—Dallas Oct. 30, 2012, no pet.) (mem. op.); *Able Cabling Servs., Inc. v. Aaron–Carter Elec., Inc.*, 16 S.W.3d 98, 100–01 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

That being the case, the interim judgment remains interlocutory. To the extent that the interlocutory order appoints a receiver, it is appealable; "[a] person may appeal from an interlocutory order of a district court . . . that . . . appoints a receiver or trustee." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1).

But in handling interlocutory appeals under this provision, courts have generally refused to consider any issues beyond the propriety of the receivership itself. *See A-Med. Advantage Healthcare Sys. v. Shwarts*, No. 10-18-00050-CV, 2019 WL 7374735, at *2–3 (Tex. App.—Waco Dec. 31, 2019, pet. denied) (mem. op.); *Krumnow v. Krumnow*, 174 S.W.3d 820, 826 (Tex. App.—Waco 2005, pet. denied); *Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 249 (Tex. App.—Tyler 2004, no pet.); *In re Estate of Dillard*, No. 07-00-0504-CV, 2001 WL 139082, at *2 (Tex. App.—Amarillo

Feb. 5, 2001, no pet.) (not designated for publication).[1]  These opinions have often

relied on the interpretive rule that courts should "strictly apply statutes granting

interlocutory appeals because they are a narrow exception to the general rule that

interlocutory orders are not immediately appealable."  *CMH Homes v. Perez*, 340

S.W.3d 444, 447 (Tex. 2011); *accord Sabre Travel*, 567 S.W.3d at 736.  Likewise, courts

dealing with interlocutory appeals under other parts of Section 51.014(a) have

declined to consider issues unrelated to the topic that is expressly authorized for

appeal.  *See Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 761 & nn. 34, 36 (Tex.

2019) (collecting cases in which courts refused to consider unrelated issues under

various provisions of Section 51.014(a), though setting out an exception for appeals

under Section 51.014(a)(6)).

True to these holdings, we decline to consider the many issues briefed by the

parties that are not germane to the propriety of the receivership.[2]  Those questions are

beyond the limited scope of this appeal.

---

[1]*But see Kenworthy v. Kenworthy Corp.*, 149 S.W.3d 296, 297 n.1 (Tex. App.—
Eastland 2004, pet. denied) (reviewing issues unrelated to the receivership but offering
no citations or reasoning to justify this approach).

[2]Nor does the scope of this appeal properly include the issue of dominant
jurisdiction.  Dominant jurisdiction has been described as "more of a venue issue than
a true jurisdictional one," 1 McDonald & Carlson Tex. Civ. Prac. § 3:13 (2d. ed.); *see
Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *2 n.5 (Tex. App.—Fort
Worth Sept. 7, 2017, no pet.) (mem. op.), and the proper vehicle to raise it is a plea in
abatement rather than a plea to the jurisdiction, *In re Puig*, 351 S.W.3d 301, 303 (Tex.
2011) (orig. proceeding) (per curiam).

## III.   RECEIVERSHIP

Bruce's fourth issue is the only one that falls within the limited scope of this appeal.  In it, he contends that the district court abused its discretion by appointing a receiver without first requiring Linda to post a bond, as required by Rule 695a of the Texas Rules of Civil Procedure.  Linda does not dispute this argument.

We review the appointment of a receiver for an abuse of discretion.  *Templeton v. RKR Invs. Inc.*, No. 02-18-00024-CV, 2018 WL 2344675, at *3 (Tex. App.—Fort Worth May 24, 2018, no pet.) (mem. op.); *Dale v. Fin. Am. Corp.*, 929 S.W.2d 495, 497 (Tex. App.—Fort Worth 1996, writ denied).  "A trial court abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable."  *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020).  A decision is arbitrary when it is made without fair, solid, and substantial cause

Even if it were a true jurisdictional issue, dominant jurisdiction would not be before us.   If dominant jurisdiction were truly jurisdictional, Bruce's motion concerning dominant jurisdiction would qualify as a plea to the jurisdiction for purposes of an interlocutory appeal, because whether a motion qualifies as a plea to the jurisdiction is determined not by the motion's label but by "the substance of the issue raised."  *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).  But Section 51.014(a)(8) provides for interlocutory appeals only of the grant or denial of "a plea to the jurisdiction *by a governmental unit*."  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (emphasis added).  Thus, this court has consistently rejected appeals from denials of pleas to the jurisdiction when brought by private parties rather than governmental units.  *See, e.g.*, *In re C.V.*, No. 02-20-00281-CV, 2020 WL 7063680, at *1 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (per curiam) (mem. op.); *Liverman v. Denton Cty.*, No. 02-17-00240-CV, 2017 WL 6377437, at *2 (Tex. App.—Fort Worth Dec. 14, 2017, no pet.) (mem. op.); *Clifton v. Burroughs*, No. 2-08-404-CV, 2008 WL 5401489, at *1 (Tex. App.—Fort Worth Dec. 23, 2008, no pet.) (per curiam) (mem. op.).  Because Bruce is not a governmental unit, he could not bring an interlocutory appeal of a district court's ruling on its jurisdiction.

9

or reason. *Burlington N. & Santa Fe Ry. Co. v. S. Plains Switching, Ltd.*, 174 S.W.3d 348, 352 (Tex. App.—Fort Worth 2005, no pet.). "The burden to show the existence of circumstances justifying the appointment of a receiver rests on the party seeking the appointment." *Estate of Hoskins*, 501 S.W.3d 295, 306 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Spiritas v. Davidoff*, 459 S.W.3d 224, 232 (Tex. App.—Dallas 2015, no pet.); *see Langlois v. Martin*, 105 S.W.2d 440, 442 (Tex. App.—Fort Worth 1937, no writ).

Rule 695a provides that no receiver shall be appointed with authority to take charge of property until the party requesting the appointment has filed "a good and sufficient bond . . . payable to the defendant in the amount fixed by the court." Tex. R. Civ. P. 695a. "The purpose of the bond is to ensure that the defendant can be reimbursed for any damages caused by the appointment of the receiver in the event that the receiver was wrongfully appointed." *Ahmad v. Ahmed*, 199 S.W.3d 573, 575 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Tex. R. Civ. P. 695a, and *Cont'l Homes Co. v. Hilltown Prop. Owners Ass'n, Inc.*, 529 S.W.2d 293, 295 (Tex. App.—Fort Worth 1975, no writ)). The applicant's bond is a prerequisite to the appointment of a receiver, and the trial court's failure to require the bond necessitates reversal. *Id.*; *Cont'l Homes*, 529 S.W.2d at 295. "The filing of a bond by the receiver pursuant to Texas Civil Practice and Remedies Code section 64.023 will not satisfy this requirement." *Ahmad*, 199 S.W.3d at 575; *Cont'l Homes*, 529 S.W.2d at 295.

In this case, the district court's order does not require Linda to file a bond payable to Bruce, nor does it indicate an appropriate amount for such a bond. Bruce brought this deficiency to the district court's attention in his motion to vacate appointment of the receiver, but the district court took no action to correct the error, and the record does not show that Linda posted such a bond. Therefore, the requirements of Rule 695a have not been met, and the receivership must be dissolved.

We sustain Bruce's fourth issue.

## IV. CONCLUSION

We reverse the district court's interim judgment to the extent that it appoints a receiver, and we remand for further proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 29, 2021