Paul Michael LEIGHTON, Appellant,

v.

Elizabeth REBELES, Appellee.

No. 05–10–00990–CV.

Court of Appeals of Texas,
Dallas.

May 24, 2011.

Rehearing Overruled July 14, 2011.

P. Michael Jung, Strasburger & Price, L.L.P., John J. Diggins, John J. Diggins, P.C., Dallas, for Appellant.

Kelly D. Hollingsworth, Travis Calhoun & Conlon, Dallas, for Appellee.

Before Justices MOSELEY, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

Following a jury trial in which the jury found, among other things, the existence of a partnership, the trial court signed a document titled "Interlocutory Order" which included various orders the trial court deemed necessary for the orderly disposition of the case, including an order appointing a special master to assist in the valuation of the partnership and an order temporarily enjoining both parties from engaging in certain activities regarding partnership property pending the winding up of the partnership. This is an interlocutory appeal of the trial court's injunction order. In one issue, appellant Paul Michael Leighton (Leighton) claims the trial court erred in issuing the injunction order because the partnership claims of appellee Elizabeth Rebeles (Rebeles) were barred as a matter of law by the defense of release. For the following reasons, we reverse the trial court's order granting the temporary injunction, dissolve the temporary injunction, and remand to the trial court for further proceedings.

Rebeles filed a lawsuit against Leighton seeking a judicially-supervised winding up of a partnership between the parties. Leighton denied the existence of the partnership, asserted that Rebeles' claims had

been released, and counterclaimed for breach of contract. The jury found for Rebeles on her partnership claim, and for Leighton on his breach of contract counterclaim. Leighton moved to disregard the jury's answers to various questions. Rebeles filed a "motion for interlocutory order on verdict," requesting the appointment of a special master to identify and determine valuation of partnership property, and mutual injunctions to prevent any inappropriate transfers, waste, or secreting of revenues and expenses. Leighton filed a response objecting to the imposition of a temporary injunction, asserting that the evidence did not support such a drastic measure and that such relief was beyond the scope of the accounting requested by Rebeles' live pleadings. Leighton also argued that no pleading or evidence supported the requested temporary injunction, and the proposed order made no provision for a bond.

The trial court did not rule on Leighton's motion to disregard but issued an interlocutory order incorporating the jury's verdict for all purposes. The interlocutory order appointed a special master and enjoined the parties from conducting certain activities with respect to partnership property, pending the winding up of the partnership. In the order, the trial court noted its authority to make such orders in connection with the winding up of the partnership and found that circumstances required the entry of such orders. Leighton filed this interlocutory appeal.

■ As a threshold issue, Rebeles asserts the Court lacks jurisdiction over this appeal. Section 51.014(a) of the Texas Civil Practice and Remedies Code provides the narrow exceptions to the general rule that only final judgments and orders are appealable, and we strictly construe this statute. *See City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. denied). Section 51.014(a)(4) allows an appeal from an interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65" of the code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West 2008). Rebeles argues that section 51.014(a)(4) cannot confer jurisdiction in this case because the trial court's order was entered pursuant to provisions in the business organizations code and its predecessor, the revised partnership act, and not chapter 65. *See* TEX. BUS. ORGS.CODE ANN. § 11.054 (West 2010); Act of May 31, 1993, 73rd Leg., R.S., ch. 917, § 1, 1993 Tex. Gen. Laws 3887, 3905–06 (expired Jan. 1, 2010) (formerly articles 6132b–8.01, 6132b–8.03 (cited hereafter as "TRPA article ——"). In response, Leighton cites to section 65.011(3) of the civil practice and remedies code which provides that an injunction may be granted if "the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions." TEX. CIV. PRAC. & REM.CODE ANN. § 65.011(3) (West 2008). Leighton argues that an injunction under section 11.054 of the business organizations code is such an injunction. *See Janelli v. Bond*, 148 Tex. 416, 225 S.W.2d 824, 826–27 (1950) (orig. proceeding) (concluding Texas Revised Civil Statute article 4662 (repealed 1985), which provided similarly to section 51.014(a)(4), allowed appeal of temporary injunction order granted in divorce proceeding).

■ Neither section 11.054 nor article 6132b–8.03(a)(3) specifically authorize an injunction. See TEX. BUS. ORGS.CODE ANN. § 11.054; TRPA art. 6132b–8.03(a)(3). However, both authorize the trial court to make any order "that the circumstances require." *Id.* Here, the trial court found that the circumstances required an order

enjoining both parties from certain activities for the protection of partnership property pending the winding up of the partnership. We conclude the trial court's order is, in part, an injunction under the principles of equity and the statutes of this state relating to injunctions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 65.011(3). Accordingly, we have jurisdiction over this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4).

◼ According to our review, the trial court's interlocutory order is actually an amalgam of several different rulings—the appointment of a special master to inquire into and report to the court regarding areas of the partnership business, the granting of a temporary injunction, and the authorization of certain expenditures pertaining to partnership property. Of the trial court's rulings, however, only the granting of the temporary injunction is reviewable by interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4). We may review the portion of an order which is appealable and refuse to consider the portion which is non-appealable. *See Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex.App.-San Antonio 1996, no pet.).

◼ The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending a final decision on the rights of the parties. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002); *Elliott v. Lewis*, 792 S.W.2d 853, 854 (Tex.App.-Dallas 1990, no writ). The decision to grant or deny a temporary injunction is within the trial court's sound discretion. *See Butnaru*, 84 S.W.3d at 204. Our review of a trial court's grant or denial of a temporary injunction is strictly limited to evaluating whether there has been an abuse of discretion by the trial court in granting or denying the interlocutory order. *Id.* We do not review the merits of the case. *See Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978); *Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex.App.-Dallas 2000, no pet.).

◼ Here, the temporary injunction order does not include a date for trial on the merits with respect to the ultimate relief sought. *See* TEX.R. CIV. P. 683. All orders that grant a temporary injunction are required to include an order setting the cause for trial on the merits. *Id.; see Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex.2000); *see also EOG Resources, Inc. v. Gutierrez*, 75 S.W.3d 50, 52 (Tex.App.-San Antonio 2002, no pet.). The reason for requiring that an injunction order include a trial date is to prevent the temporary injunction from effectively becoming permanent. *See EOG Resources*, 75 S.W.3d at 53. The requirements of rule 683 are mandatory and must be strictly followed. *See Qwest*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex.1986). Failure of the order to meet the requirements of rule 683 renders the order fatally defective and void, whether specifically raised by point of error or not. *See Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex.App.-Dallas 2008, no pet.); *EOG Resources*, 75 S.W.3d at 53. Failure to include a date setting the case for trial on the merits mandates dissolution of the injunction. *See Qwest*, 24 S.W.3d at 337.

◼ Although the record establishes that a trial on the merits has already taken place, the entry of a final judgment with respect to the ultimate relief sought was postponed, pending receipt of the special master's report. The interlocutory order requires the special master to report to the trial court by September 3, 2010, but the order does not indicate that September

3, 2010 is the "trial date" for purposes of the injunction. The interlocutory order also orders the parties to mediate the case within fourteen days following receipt by the trial court and parties of the special master's report. However, the interlocutory order does not include an order setting the cause for trial on the merits with respect to the ultimate relief sought.

We find nothing in the business organizations code and revised partnership act to excuse temporary injunctions ordered in furtherance of the winding up of a partnership from the statutory requirements set forth in rule 683. *See Garza v. Trevino,* No. 04–03–00477–CV, 2004 WL 1102826, at *2 (Tex.App.-San Antonio May 19, 2004, no pet.) (mem. op., not designated for publication) (temporary injunction to prevent depletion of partnership assets during litigation void for failure to set cause for trial or provide for bond); *Rubin v. Gilmore,* 561 S.W.2d 231, 234–35 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ) (injunction restraining partner from interfering with operation of business by other partners invalid for failure to describe in reasonable detail the acts sought to be restrained in accordance with rule 683). Because the temporary injunction order does not conform to rule 683, the trial court abused its discretion in entering the order. We conclude the injunction order is void.

We reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand to the trial court for further proceedings.