# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00723-CV

**The State Board for Educator Certification and Michael Berry, the Acting Chief Executive Officer of the State Board for Educator Certification, in his Official Capacity only, Appellants**

**v.**

**Erasmo Montalvo, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-12-002991, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal is from an order granting a temporary injunction enjoining appellant the State Board for Educator Certification from treating appellee Erasmo Montalvo's "teaching certificate as void or invalid in any respect pending trial of this cause or further order of this Court." In the underlying case, Montalvo seeks judicial review of the Board's order revoking his teaching certificate. On appeal, the Board urges that the temporary injunction order is void because it lacks a date for a final hearing on the merits.[1]

"Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." Tex. R. Civ. P. 683. According

---

[1] The Board raises a second issue that we do not reach. *See* Tex. R. App. P. 47.1. The Board argues that the trial court abused its discretion in issuing the order without evidence to support the required elements.

to the Texas Supreme Court, "[t]hese procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (citing *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986)); *see El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 745 (Tex. App.—Dallas 2011, no pet.) ("Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory."); *Kaufmann v. Morales*, 93 S.W.3d 650, 656–57 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (concluding that temporary injunction was void because it did not contain a trial date and ordering the injunction dissolved); *Padgett v. LSKR, Inc.*, No. 03-06-00262, 2007 Tex. App. LEXIS 530, *5–6 (Tex. App.—Austin Jan. 24, 2007, no pet.) (mem. op.) (dissolving temporary injunction that did not set the case for trial on the merits).

Montalvo urges that a temporary injunction that lacks a trial setting is merely voidable and that the Board waived any complaint here about the lack of a trial date by failing to raise an objection with the trial court and by "actively seeking" a date for the final hearing. The Board requested the assignment of a judge on the same date that the temporary restraining order was issued. Montalvo argues that the Board's request indicated its agreement that the temporary injunction order did not need to specify the trial date. Montalvo cites *Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.), to support his positions that a temporary injunction that lacks a trial date is not void, but voidable, and that the Board has waived its complaint here. We find the facts in *Henke* distinguishable. In that case, the party challenging the order had "actively agreed" to the temporary injunction. *Id*. In contrast, the Board did not agree to Montalvo's

2

request for temporary injunctive relief. We also are not persuaded by the analysis in *Henke* to the extent it relates to the issues here. Other courts that have considered similar issues have rejected the arguments that a temporary injunction order without a trial date is voidable, not void, and that a party may waive its complaint about a void order in this context. *See, e.g.*, *Leighton v. Rebeles*, 343 S.W.3d 270, 273 (Tex. App.—Dallas 2011, no pet.) ("Failure of the order to meet the requirements of rule 683 renders the order fatally defective and void, whether specifically raised by point of error or not."); *In re Garza*, 126 S.W.3d 268, 271–73 (Tex. App.—San Antonio 2003, orig. proceeding) (noting that its facts were similar to the facts at issue in *Henke* but concluding that a party did not waive his right to challenge a temporary injunction that did not comply with rule 683 and that the challenged order was void).

Montalvo also argues that there is an exception to the general rule set forth in rule 683 when equitable and practical considerations apply and that the exception applies here because "a trial date was unavailable when the injunction was granted." He focuses on the Travis County Local Rules addressing administrative appeals and the requirement that an appeal from an administrative agency be assigned to a specific judge. *See* 200th (Tex.) Dist. Ct. Loc. R. 13.2 (Travis County). No judge had been assigned at the time of the temporary injunction hearing. However, as the Board points out, the lack of an appointed judge at the time of the temporary injunction hearing did not prevent the insertion of a trial date, obtained from the Court Administrator, that could have been later changed once a judge had been appointed. *See* 200th (Tex.) Dist. Ct. Loc. R. 2.2 (Travis County). The case was assigned to a specific judge on the same day of the temporary injunction hearing, but Montalvo did not seek to have a trial date inserted. Thus, even were we to conclude that there is an

3

exception to rule 683 based upon equitable and practical considerations, we would conclude that it would not apply here.

Because the temporary injunction order does not include a trial date in accordance with rule 683, we conclude that it is void. Thus, we reverse the district court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand this case to the district court for further proceedings.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Remanded

Filed: April 3, 2013

---

[2] We dismiss Montalvo's pending motion for injunction as moot.