

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00090-CV

_____

LARRY STRUBE, Appellant

V.

CLEO PATRICIA SHELBY, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13C0872-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Cleo Patricia Shelby has obtained a temporary injunction enjoining Larry Strube from entering onto and removing property from a DeKalb farm, in which she claims a partial interest. The injunction is void for its failure to specify a date for a trial on the merits. *See* TEX. R. CIV. P. 683. Therefore, we reverse the judgment of the trial court and dissolve the injunction.

Before his death in May 2012, Carroll Hall Shelby[1] established the California-administered Carroll Hall Shelby Living Trust (Living Trust). The Living Trust created the Cleo P. Shelby Marital Trust, also a California-administered trust (Trust). When Shelby died, the assets of the Living Trust were transferred to the Trust. Cleo, Shelby's widow, is the sole income beneficiary of the Trust until her death, at which time the Trust corpus and income will be transferred to the Carroll Hall Shelby Foundation, a California charitable trust.

While the Trust is administered in California and is governed by California law, it has assets in Texas, California, and Nevada. Among those assets are personal and real property located in Bowie County (the DeKalb property),[2] which property is jointly owned by Cleo and the Trust as tenants in common. Cleo and Shelby purchased the DeKalb property with joint funds during their marriage and operated it as a farm/ranch. Shelby's portion of the DeKalb

---

[1]Shelby was a famed race car driver and manufacturer and designer of the Shelby Ford Mustang and the Shelby Cobra.

[2]The Trust originally owned property in Red River County (the English Property) as well. Pursuant to a survivorship agreement between Carroll and Cleo, ownership of the English Property was assigned to Cleo at the time of Shelby's death. When the Trust was made aware of the survivorship agreement in early 2013, it ceased to manage this parcel of real property.

property was held in the Living Trust, the predecessor to the Trust. The injunctive order relates solely to the DeKalb property.

Strube was formerly employed by Shelby. After Shelby's death, Strube was consulted by Joe Conway,[3] a co-trustee of the Trust, on matters involving management of the DeKalb property. Cleo alleges Strube converted her property—which she owned jointly with the Trust—by transporting certain vehicles and equipment to a third party for the use by the third party and by allowing livestock owned by third parties to consume Cleo's feed without paying just compensation.[4] Additionally, Cleo alleged trespass and intentional infliction of emotional distress claims against Strube.

In connection with her lawsuit, Cleo sought the issuance of a temporary restraining order, which was granted on an ex parte basis by the trial court May 31, 2013. After a hearing, the trial court entered a temporary injunction against Strube July 16, 2013. The injunctive order prohibits Strube from (1) entering onto the DeKalb property, (2) destroying or concealing any records or documents relating to the management of the DeKalb property, (3) removing any vehicles, equipment, livestock, or any other personal property from the DeKalb property, and (4) harassing threatening, or otherwise engaging in any retaliatory behavior towards Cleo or her employees.

---

[3]Conway was sued in a companion case styled *Cleo Patricia Shelby v. Joe Conway, et al.*, cause number 13-C-0842-102, also filed in the 102nd Judicial District Court of Bowie County, Texas. The *Conway* case was appealed to this Court and is the subject of a separate opinion in this Court's cause number 06-13-00091-CV, styled *Joe Conway v. Cleo Patricia Shelby*, issued of even date herewith.

[4]Cleo alleged additional conversion claims against Strube, which allegedly occurred before Shelby's death. These claims were therefore not considered by the trial court.

3

Strube has taken an interlocutory appeal from this order,[5] claiming that (1) the temporary injunction order should be dissolved because it fails to meet the specificity requirements of Rule 683 of the Texas Rules of Civil Procedure and (2) because Cleo failed to meet the standard for entitlement to such extraordinary relief, the trial court abused its discretion in entering the temporary injunction order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2013).

Cleo contends the order is deficient because it fails, in various respects, to meet the specificity requirements of Rule 683 of the Texas Rules of Civil Procedure.[6] Rule 683 provides that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683; *see Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). The requirement that an injunctive order include a trial date prevents the temporary injunction from effectively becoming permanent. *Gray Wireline Serv., Inc. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.).

The procedural requirements of Rule 683 are mandatory and must be strictly followed. *Qwest*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640,

---

[5]The decision to grant or deny a temporary injunction is within the sound discretion of the trial court. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Moon v. Estate of Moon*, 221 S.W.3d 327, 329 (Tex. App.—Texarkana 2007, no pet.). The test for abuse of discretion is not whether the facts present an appropriate case for the trial court's action. Instead, it is a question of whether the court acted without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 619–20 (Tex. 2007); *Moon*, 221 S.W.3d at 331. A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010).

[6]Neither party to this appeal maintains that the injunction order is void for lack of a trial setting.

4

641 (Tex. 1986) (per curiam) (temporary injunction void when not setting cause for trial on merits). An order granting a temporary injunction that does not comply with the Rule is subject to being declared void and dissolved, regardless of whether the defect was raised or briefed on appeal. *State Bd. for Educator Certification v. Montalvo*, No. 03-12-00723-CV, 2013 WL 1405883, at *1 (Tex. App.—Austin Apr. 3, 2013, no pet.) (mem. op.) (complaint temporary injunction lacks trial date not subject to waiver); *Cavanna*, 374 S.W.3d at 472 (temporary injunction order lacking trial date declared void and dissolved, though defect not raised or briefed on appeal); *Leighton v. Rebeles*, 343 S.W.3d 270, 273 (Tex. App.—Dallas 2011, no pet.) ("Failure of the order to meet the requirements of rule 683 renders the order fatally defective and void, whether specifically raised by point of error or not."); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590–91 (Tex. App.—Texarkana 2004, no pet.) (though error not raised on appeal, temporary injunction without trial date declared void); *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.); *see Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386, 400 (Tex. App.—Texarkana 1999, pet. denied); *see also First State Bank of Odem v. Flores*, No. 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi Feb. 27, 2014, no pet. h.) (mem. op.).[7]

---

[7] *Cf. Henke v. Peoples State Bank of Hallettsville*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.) (trial court did not abuse discretion in refusing to dissolve temporary injunction based on lack of trial date where Henke agreed to order).

Here, the injunctive order did not set the case for trial on the merits as required by Rule 683.  Because the temporary injunction order does not conform to Rule 683, it is void.[8] Accordingly, we reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 5, 2014
Date Decided:       March 13, 2014

---

[8]Although Cleo raises other Rule 683 specificity complaints as well as substantive complaints regarding the failure of the order to meet the appropriate standards for issuance of a temporary injunction, we need not address them. The lack of a trial date alone renders the injunction order void.