**Reverse, Dissolve temporary injunction, and Remand; Opinion Filed April 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00923-CV

**DAVID REISS AND SPY GAMES, LLC, Appellants**
**V.**
**JASON R. HANSON, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02498-J**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

David Reiss and Spy Games, LLC filed this accelerated interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a)(4) challenging the trial court's denial of their motion to dissolve an agreed temporary injunction. In two issues, appellants argue the trial court abused its discretion in refusing to dissolve the temporary injunction because (1) it fails to comply with the mandatory requirements of rule 683 of the Texas Rules of Civil Procedure and (2) Reiss is the majority interest holder in Spy Games as a matter of law and therefore has the right to control the company under applicable corporate governance laws. We conclude the agreed temporary injunction is void because the order fails to set the cause for trial on the merits as required by rule 683. Accordingly, we reverse the trial court's order denying appellants' motion and dissolve the temporary injunction.

## BACKGROUND

This case arises out of a dispute over the ownership and control of Spy Games, a limited liability company formed under the laws of Wyoming. After the relationship deteriorated between David Reiss and Jason R. Hanson, the two interest holders in the company, appellants sued Hanson and others[1] for various causes of action seeking both monetary and injunctive relief. The trial court signed a temporary restraining order in February 2018. On March 28, the trial court held a hearing on appellants' request for a temporary injunction. At the conclusion of the hearing, the trial court signed a temporary injunction based upon the agreement of the parties and not the result of the trial court's findings regarding the evidentiary hearing. Among other things, the agreed temporary injunction enjoined the parties from changing passwords or access to Spy Games' software or accounts, diverting funds from merchant accounts for daily deposits, or making any bill payment to an account other than Spy Games' company account at Iberiabank in Dallas. The agreed temporary injunction also provided that the "[d]efendants shall have the sole responsibility and authority to pay Spy Games' usual and customary business expenses" and that "Reiss shall not interfere with the payment of those expenses."

Hanson filed a motion to modify the agreed temporary injunction on May 2. On May 10, appellants moved to dissolve the agreed temporary injunction. The trial court held a hearing on the motions on June 22. Rather than the trial court ruling on the motion to modify based on that evidentiary hearing, the parties once again reached an agreement. On July 13, the trial court signed

---

[1] The trial court granted the other defendants' special appearances leaving Hanson as the sole defendant in the case.

an agreed order modifying the March 28 agreed temporary injunction.[2]  Later, the trial court signed an order denying appellants' motion to dissolve.[3]  Appellants filed this appeal.

## ANALYSIS

In their first issue, appellants contend the trial court should have granted their motion to dissolve because the agreed temporary injunction fails to set forth the reasons for its issuance and fails to set the cause for trial on the merits as required by rule 683 of the Texas Rules of Civil Procedure.

A motion to dissolve a temporary injunction is a way to show changed circumstances, changes in the law, or fundamental error has occurred in the issuance of the injunction.  *See Kassim v. Carlisle Interests, Inc*., 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.).  We review the trial court's ruling on a motion to dissolve a temporary injunction for an abuse of discretion.  *See id*.  A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that exceeds the bounds of reasonable discretion.  *See Henry v. Cox,* 520 S.W.3d 28, 33–34 (Tex. 2017).

In relevant part, rule 683 provides every order granting a temporary injunction shall set forth the reasons for its issuance and shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought.  TEX. R. CIV. P. 683.  The procedural requirements of rule 683 are mandatory and must be strictly followed.  *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co*., 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).  A temporary injunction that fails to set the cause for trial on the merits "is subject to being declared void and dissolved."  *Qwest*

---

[2] The trial court modified the March 28 agreed temporary injunction again on August 28 in response to Hanson's emergency motion to modify.

[3] The trial court's first order denying appellants' motion to dissolve was incorrectly dated June 7, 2018.  We directed appellants to file a nunc pro tunc order correcting the date.  On September 28, 2018, the trial court signed an order correcting the clerical error and reflecting the order denying the motion to dissolve was rendered on August 7, 2018.

*Commcn's Corp*., 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (citing *Interfirst Bank,* 715 S.W.2d at 641). Likewise, a temporary injunction that fails to set forth the reasons for its issuance is fatally defective and void. *See IPSecure, Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, at *2 (Tex. App.—San Antonio 2016, no pet.) (mem. op.). A trial court abuses its discretion by not dissolving a temporary injunction order that does not comply with the requirements of rule 683. *See id.*

Because the agreed temporary injunction before us fails to set the cause for trial on the merits, it does not comply with the mandatory requirements of 683 and is therefore void and must be dissolved. *See Interfirst Bank*, 715 S.W.2d at 641; *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). We are not persuaded by Hanson's contention that the lack of a trial date in the agreed temporary injunction was cured by the parties' subsequent scheduling order setting the case for trial. To support his position, Hanson cites *Leighton v. Rebeles,* 343 S.W.3d 270, 273 (Tex. App.—Dallas 2011, no pet.) for the unremarkable proposition that the reason for requiring a trial date is to prevent the temporary injunction from effectively becoming permanent. But *Leighton* does not address whether a subsequent scheduling order can cure the defect caused by the lack of a trial date in a temporary injunction order. *See Leighton*, 343 S.W.3d at 273–74. On the contrary, *Leighton* acknowledges that the failure to include a date setting the case for trial on the merits mandates dissolution of the injunction. *Id*. at 273.

> Although the record establishes that a trial on the merits has already taken place, the entry of a final judgment with respect to the ultimate relief sought was postponed, pending receipt of the special master's report. The interlocutory order requires the special master to report to the trial court by September 3, 2010, but the order does not indicate that September 3, 2010 is the "trial date" for purposes of the injunction. The interlocutory order also orders the parties to mediate the case within fourteen days following receipt by the trial court and parties of the special master's report. However, the interlocutory order does not include an order setting the cause for trial on the merits with respect to the ultimate relief sought.
>
> We find nothing in the business organizations code and revised partnership act to excuse temporary injunctions ordered in furtherance of the winding up of a

partnership from the statutory requirements set forth in rule 683. *See Garza v. Trevino,* No. 04–03–00477–CV, 2004 WL 1102826, at *2 (Tex. App–San Antonio May 19, 2004, no pet.) (mem. op., not designated for publication) (temporary injunction to prevent depletion of partnership assets during litigation void for failure to set cause for trial or provide for bond); *Rubin v. Gilmore,* 561 S.W.2d 231, 234–35 (Tex.Civ.App–Houston [1st Dist.] 1977, no writ) (injunction restraining partner from interfering with operation of business by other partners invalid for failure to describe in reasonable detail the acts sought to be restrained in accordance with rule 683). Because the temporary injunction order does not conform to rule 683, the trial court abused its discretion in entering the order. We conclude the injunction order is void.

*Leighton,* 343 S.W.3d at 273–74.

Further, in concluding the agreed temporary injunction is void and must be dissolved, we necessarily reject Hanson's contentions that because appellants agreed to the temporary injunction and failed to raise these technical defects in their motion to dissolve, they should be precluded from complaining about the order's deficiencies under rule 683. We can declare a temporary judgment void even if the parties have not raised the issue. *See City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.). Moreover, because a temporary injunction order that fails to comply with rule 683 is void, a party cannot waive the error by agreeing to the form or substance of the order. *See Indep. Capital Mgmt.*, 261 S.W.3d at 795 n.1; *Conlin v. Haun*, 419 S.W.3d 682, 686–87 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, no pet.)).

Hanson's reliance on our recent opinion, *In re Rajpal*, No. 05-18-00673-CV, 2018 WL 6716659 (Tex. App.—Dallas December 21, 2018, orig. proceeding) (mem. op.) is misplaced. In *In re Rajpal*, we cited *Bayoud v. Bayoud*, 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990, writ denied) in support of our conclusion that relators were estopped from complaining about the lack of specificity of a temporary injunction that was the result of the parties' agreement rather than an evidentiary hearing. *In re Rajpal*, 2018 WL 6716659 at *2.

*Bayoud* was an appeal from an adverse judgment in which the trial court made a final determination of damages and a final distribution of funds to conclude a receivership that arose from a shareholder derivative suit. *Bayoud*, 797 S.W.2d at 308. There is language in *Bayoud* that suggests a party that requests an injunction should be estopped from challenging the validity of the injunction. *Id*. at 312 ("[A] party cannot ask something of a court and then complain that the court committed error in giving it to him."). But *Bayoud* also recognizes that rule 683's requirement that a temporary injunction order contain a trial date cannot be waived. *Bayoud*, 797 S.W.2d at 313. The court in *Bayoud* ultimately overruled the appellant's complaint about the validity of an injunction based on the lack of a trial date noting that "in this case, there was no need for a trial" and appellants had failed to file an interlocutory appeal of the injunction three years earlier. *Id*. We conclude both *In re Rajpal* and *Bayoud* are factually and procedurally distinguishable from the present case and not applicable here. We resolve appellants' first issue in their favor. In light of our resolution of appellants' first issue, we need not address appellants' second issue.

## CONCLUSION

Because the agreed temporary injunction does not satisfy the mandatory requirements of rule 683, we conclude the agreed temporary injunction is void. We reverse the trial court's order denying appellants' motion to dissolve, dissolve the temporary injunction, and remand to the trial court for further proceedings.

180923F.P05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID REISS AND SPY GAMES, LLC, Appellants

No. 05-18-00923-CV  V.

JASON R. HANSON, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02498-J.
Opinion delivered by Justice Partida-Kipness, Justices Bridges and Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants' motion to dissolve the March 28, 2018 agreed temporary injunction is **REVERSED** and the agreed temporary injunction is **DISSOLVED**. This cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants David Reiss and Spy Games, LLC recover their costs of this appeal from appellee Jason R. Hanson.

Judgment entered this 22nd day of April 2019.