

# NUMBER 13-20-00407-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CASTINE MCILHARGEY AND
JODY MCINTYRE, INDIVIDUALLY
AND DERIVATIVELY ON BEHALF
OF A+PRO RECOVERYAND TOWING, LLC,                    Appellants,

v.

ERIK M. HAGER, JASON RIOS,
EDUARDO PENA, JOANNA PENA,
AND SOUTH PADRE TOWING
AND RECOVERY, LLC,                                   Appellees.

On appeal from the 107th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides

Appellants Castine McIlhargey and Jody McIntyre, individually and derivatively on behalf of A+Pro Recovery and Towing, LLC (A+Pro), have appealed an order granting injunctive relief. The underlying dispute arises over the ownership and control of A+Pro and the operation of a competing towing business. By one issue, appellants assert that the trial court abused its discretion by ordering a temporary injunction without setting a trial date or bond, hearing evidence, or setting forth its reasons as expressly required by Rules 683 and 684 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 683, 684. We reverse and remand.

## I.  BACKGROUND

According to appellants' pleadings, McIntyre and Erik M. Hager established A+Pro, a towing company based in South Padre Island, Texas, and agreed to be equal members and managers of the company. A+Pro then purchased the assets of A-Pro Recovery and Towing, LLC (A-Pro), a company owned by Joanna Pena and managed by Eduardo Pena. Jason Rios, who ultimately formed and owned South Padre Towing and Recovery, LLC (South Padre), drafted the documents for the purchase on behalf of A-Pro. As part of the asset purchase transaction, the parties entered a non-compete agreement.[1]

Hager and McIntyre's relationship deteriorated. According to appellants, Hager began to shut McIntyre out of the business and unilaterally utilize its funds for his personal use, and Hager, Rios, and the Penas conspired to violate the non-compete agreement by forming a competing towing company. Appellants alleged that McIntyre and Hager

---

[1] The non-compete agreement contained an arbitration provision. Appellants filed a separate petition for writ of mandamus in our cause number 13-20-00395-CV seeking to compel the trial court to rule on their motion to compel arbitration. We have disposed of that original proceeding by a separate opinion issued this same date. *See In re McIlhargey*, No. 13-20-00395-CV, 2021 WL _____, at *_ (Tex. App.— Corpus Christi–Edinburg Mar. 18, 2021, orig. proceeding) (mem. op.).

ultimately determined to end their association, and Hager withdrew his membership in A+Pro and McIlhargey, McIntyre's daughter, became a member of A+Pro in his place. McIntyre and McIlhargey discussed purchasing Hager's interests in A+Pro, but Hager informed them that he was transferring the assets of A+Pro to the Penas because A+Pro had defaulted on payments under its asset purchase agreement. Appellants asserted that Hager, the Penas, and South Padre unlawfully appropriated A+Pro's assets and began directly competing against A+Pro.

Ultimately, appellants filed suit against Hager, Rios, the Penas, and South Padre alleging claims for breach of contract, fraud in the inducement, breach of fiduciary duty, conversion, tortious interference, fraudulent transfer, conspiracy, and joint enterprise. Appellants sought declaratory relief regarding the legal relationship between themselves individually, A+Pro, and Hager. They requested temporary injunctive relief preserving the status quo, that is, preventing Hager's attempted transfer of A+Pro's assets and an order compelling arbitration.[2] In their prayer, appellants sought, inter alia, temporary and injunctive relief, an order compelling arbitration, actual damages, exemplary damages, and equitable relief. The trial court granted a temporary restraining order in favor of appellants.[3]

On July 24, 2020, the Penas filed an "Original Counter-Petition and Cross-Claim" against appellants and Hager. They sued for breach of contract, promissory estoppel, fraud, and conversion relating to the failure to make payments under the agreed payment

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.083, 171.086(a)(1)(3)(6) (regarding injunctive relief under the Texas Arbitration Act).

[3] This order does not appear in the clerk's record or supplemental clerk's record.

3

plan as identified in the asset purchase agreement. The Penas sought damages and the return of A-Pro and its associated property.

On July 27, 2020, Hager filed a "Response to Plaintiffs' Application for Temporary Injunction, Motion to Dissolve Temporary Restraining Order, Motion to Dismiss Arbitration, and in the Alternative, Motion to abate Arbitration." Hager denied the allegations made by appellants and expressly denied that he had withdrawn as a member of A+Pro. That same day, Hager filed a "Motion for Appointment of Reciever [sic], or, in the Alternative, Application for Temporary Injunction." In these pleadings, Hager accused McIntyre of inequitable conduct regarding A+Pro and, inter alia, requested the appointment of a receiver for the company.

On August 13, 2020, the trial court signed an "Agreed Order Granting Plaintiffs' Emergency Motion for Continuance, Extending Temporary Restraining Order, and Re-Setting Hearing Dates."[4]

The trial court thereafter held hearings on August 18, 2020, and September 2, 2020. On September 4, 2020, the trial court signed the order subject to appeal in this case. The "Order Granting Defendant's [sic] Motions to Quash and Set Aside Plaintiffs['] Subpoena Duces Tecum and Other Orders Deemed Necessary to Perserve [sic] Property and Status Quo" grants a motion to withdraw filed by appellants' counsel, resets various motions to be heard on a subsequent date, grants McIlhargey and McIntyre a period "until the next hearing" to obtain new counsel, and quashes various subpoenas. The order also states:

---

[4] This order provides that it was signed both on August 3, 2020 and August 13, 2020. Appellees refer to this order as having been signed on August 13, 2020. This discrepancy is not material to our analysis.

4

It is further ORDERED, until further notice, Plaintiffs Castine McIlhargey and Jody McIntyre, individually and derivatively on behalf of A+Pro Recovery and Towing, LLC, are prohibited from:

(1)    Transferring, assigning, selling, or altering any assets (tangible or intangible) belonging to A-Pro Towing and Recovery, LLC or Joanna Pena individually, as a secured lien holder of the Asset Purchase Agreement dated and signed on December 24, 2019[,] between A+Pro Recovery and Towing, LLC and A-Pro Towing and Recovery, LLC;

(2)    Transferring, assigning, selling or altering any of the materials or equipment belonging to A-Pro Towing and Recovery, LLC, as per the Asset Purchase Agreement dated and signed on December 24, 2019[,] between A+Pro Recovery and Towing, LLC and A-Pro Towing and Recovery, LLC;

(3)    Destroying or altering any books, records, receipts, documents, or other evidence pertaining to or relating to the income, revenue, monies collected from Jody McIntyre, Castine McIlhargey, individually or on behalf of A+Pro Recovery and Towing, LLC, from January 1, 2020[,] to present; [and]

(4)    Utilizing or expending any income, revenue or monies collected from A+Pro Recovery and Towing, LLC.

This appeal ensued. As stated previously, appellants assert that the trial court erred by ordering a temporary injunction in violation of Rules 683 and 684 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 683, 684. The appellees, in response, assert that: (1) appellants should not, in equity, be allowed to ask the trial court for injunctive relief securing their ownership interest in the contested towing assets and then complain that the trial court committed error; (2) the trial court did not abuse its discretion by ordering injunctive relief in accordance with appellants' pleadings, evidence, and requests; and (3) alternatively, if this Court determines the order is an improper injunction, the entire order is not subject to interlocutory review and only the injunctive portion may be reviewed in this appeal. By supplemental brief, appellees contend that the order

5

subject to appeal is a "variant" of the original status quo order and appellants failed to timely appeal the original status quo order. Appellants thereafter filed a reply brief in support of their appeal.

## II. STANDARD OF REVIEW

The purpose of a temporary injunction is to maintain the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *RWI Constr., Inc. v. Comerica Bank*, 583 S.W.3d 269, 274–75 (Tex. App.—Dallas 2019, no pet.); *Tex. Ass'n of Bus. v. City of Austin, Tex.*, 565 S.W.3d 425, 437–38 (Tex. App.—Austin 2018, pet. denied). The "status quo" is the "last, actual, peaceable, noncontested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding) (quoting *Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589, 589 (Tex. 1962)).

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru*, 84 S.W.3d at 204. *RWI Constr., Inc.*, 583 S.W.3d at 274–75. "An injunction is a remedial writ that depends on the issuing court's equity jurisdiction." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam); *see In re Estate of Skinner*, 417 S.W.3d 639, 642–43 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.). To obtain a temporary injunction, an applicant must plead and prove (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204; *RWI Constr., Inc.*, 583 S.W.3d at 274–75; *Tex. Ass'n of Bus.*, 565 S.W.3d at 437–38.

6

We review a trial court's order granting or denying a request for a temporary injunction under an abuse of discretion standard. *See Butnaru*, 84 S.W.3d at 204; *RWI Constr., Inc.*, 583 S.W.3d at 274–75; *Tex. Ass'n of Bus.*, 565 S.W.3d at 437–38. The reviewing court should reverse an order granting injunctive relief only if the trial court abused its discretion in granting said relief. *Butnaru*, 84 S.W.3d at 204. The reviewing court must not substitute its judgment for that of the trial court unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

## III. ANALYSIS

By one issue, appellants assert that the trial court abused its discretion by issuing the "Order Granting Defendant's Motions to Quash and Set Aside Plaintiffs Subpoena Duces Tecum and other Orders Deemed Necessary to [Preserve] Property and Status Quo." Appellants assert, inter alia, that the order violates Rules 683 and 684 of the Texas Rules of Civil Procedure because it fails to include a trial date, a bond, or its reasons for issuance. *See* TEX. R. CIV. P. 683, 684. As stated previously, the appellees assert, essentially, that the appellants have received exactly what they requested from the trial court. They argue that appellants should not request injunctive relief and then complain that the trial court committed error in granting such relief. They contend that the trial court acted in accordance with appellants' pleadings, evidence, and requests.

### A. Invited Error

We first address appellees' arguments that appellants requested that the trial court take the actions that the appellants now complain about in this appeal. Although appellees do not utilize this terminology, we conclude that they invoke the invited error doctrine. "The invited error doctrine applies to situations where a party requests the court to make

7

a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (orig. proceeding); *see Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) ("[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine.").

We disagree with appellees that the invited error doctrine applies here. Appellants requested general injunctive relief but did not request the trial court to issue the injunctive relief granted in the order at issue in this appeal. Appellants did not ask the trial court to, inter alia, grant appellees' motion to quash discovery or to prohibit appellants from transferring assets or destroying records. In other words, appellants did not request the trial court to make the specific rulings at issue in this case. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d at 646; *Tittizer*, 171 S.W.3d at 862. Accordingly, we conclude that the invited error doctrine does not apply to bar our consideration of the alleged errors.

## B.    Timeliness

Appellees further argue that the trial court acted in response to the appellants' request in issuing the August 13, 2020 "status quo" order, appellants did not timely appeal that order, and now appellants appeal a subsequent "variant" of the initial status quo order. Appellees assert that appellants should have—but did not—appeal the August 13, 2020 order and thus their notice of appeal was untimely filed on September 24, 2020. Appellees cite no authority in support of this proposition.

The August 13, 2020 "status quo" order granted a continuance, extended the temporary restraining order, and reset various hearing dates. The order is substantively

distinct from the subsequent order that is subject to appeal in this case. Further, the August 13, 2020 order constitutes neither a final judgment nor a statutorily authorized interlocutory appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also In re Newton*, 146 S.W.3d at 652 (stating that a temporary restraining order is generally not appealable).

The order at issue in this appeal was signed on September 4, 2020. Appellants filed their notice of appeal on September 24, 2020. We reject appellees' contention that appellants' appeal was untimely. *See* TEX. R. APP. P. 26.1(b).

**C.      Injunctive Relief**

We proceed to address the merits of appellants' contentions on appeal. Appellants' sole issue presented presupposes that the trial court's September 4, 2020 order constitutes an appealable temporary injunction. Appellees assert, in contrast, that the entirety of the trial court's order is not subject to review on interlocutory appeal.

In determining whether a particular order constitutes a temporary injunction that is subject to an interlocutory appeal, the Texas Supreme Court has explained that "it is the character and function of an order that determine its classification" and has thus rejected the notion that "matters of form control the nature of the order itself." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). Thus, although an order may lack features of a typical temporary injunction, those deficiencies do not control the classification. *Qwest Commc'ns Corp.*, 24 S.W.3d at 336 (holding that the trial court's order granted a temporary injunction even though it was for a fixed duration of three years; the order did not set a bond or trial date; and the trial court did not order the issuance of a writ of injunction); *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809 ("To reject the order's

9

status as a temporary injunction based on a deficiency in form is to deny review of any defects that may render the order void."); *In re Estate of Skinner*, 417 S.W.3d at 642 (recognizing that "although an order may lack features of a typical temporary injunction, those deficiencies do not control the classification"); *Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ) (stating that appellate jurisdiction is not defeated "merely by the label [the trial court] attaches to the interlocutory order").

In assessing the character and function of an order, a temporary injunction is an order that "operates until dissolved by an interlocutory order or until the final hearing." *Qwest Commc'ns Corp.*, 24 S.W.3d at 336. An injunction may be prohibitive or mandatory in nature. *Helix Energy Sols. Grp., Inc. v. Howard*, 452 S.W.3d 40, 42–43 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A prohibitive injunction forbids certain conduct or stated otherwise, restrains motion, and enforces inaction. *Qwest Commc'ns Corp*, 24 S.W.3d at 336; *In re Estate of Skinner*, 417 S.W.3d at 642–43; *RP & R, Inc.*, 32 S.W.3d at 400. A mandatory injunction, in contrast, orders a party to engage in particular conduct. *In re C.D.E.*, 533 S.W.3d 367, 372 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *In re Estate of Skinner*, 417 S.W.3d at 642–43.

As noted by appellees, portions of an order can be injunctive in nature and, thus, final and appealable, while other provisions of the same order can be interlocutory and unreviewable because they do not grant injunctive relief. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 587 (Tex. 2018) (per curiam). Therefore, when an order grants both injunctive relief and noninjunctive

relief, a court of appeals possesses interlocutory appellate jurisdiction over only the injunctive portion of the order. *See id.*; *Markel*, 938 S.W.2d at 78.

Here, the trial court's September 4, 2020 order: grants appellants' counsel's motion to withdraw, resets the hearings to be held on various motions, allows appellants a specified period to obtain new counsel, grants appellees' motions to quash and vacates certain subpoenas, and prohibits appellants from specified activity. Those provisions in the order which forbid specified conduct by appellants clearly provide for prohibitive injunctive relief. *See Qwest Commc'ns Corp*, 24 S.W.3d at 336; *In re Estate of Skinner*, 417 S.W.3d at 642–43; *RP & R, Inc.*, 32 S.W.3d at 400. As previously specified, the order restrains appellants from: (1) transferring, assigning, selling or altering any assets (tangible or intangible) belonging to A-Pro or Joanna; (2) transferring, assigning, selling or altering any of the materials or equipment belonging to A-Pro; (3) destroying or altering any books, records, receipts, documents, or other evidence pertaining to or relating to the income, revenue, or monies collected from McIntyre, McIlhargey, or A+Pro from January 1, 2020, to present; and (4) utilizing or expending any income, revenue or monies collected from A+Pro.

Other provisions in the order neither mandate certain conduct nor forbid it, and thus do not constitute mandatory or prohibitive injunctive relief. *See Helix Energy Sols. Grp., Inc.* 452 S.W.3d at 42–43; *RP & R, Inc.*, 32 S.W.3d at 400. The provisions of the order which grant a motion to withdraw filed by appellants' counsel, reset motions to be heard on a subsequent date, allow McIlhargey and McIntyre a period "until the next hearing" to obtain new counsel, and quash various subpoenas are not subject to

11

interlocutory review as injunctive relief. Accordingly, we express no opinion as to the merits of these provisions of the September 4, 2020 order.

**D.    Requirements of Temporary Injunction**

We proceed to review the injunctive provisions of the order. In relevant part, Texas Rule of Civil Procedure 683 requires every order granting a temporary injunction to: (1) set forth the reasons for its issuance; (2) be specific in terms; (3) describe in reasonable detail, and not by reference to the complaint or other document, the acts sought to be restrained; and (4) include an order setting the cause for trial on the merits with respect to the ultimate relief sought. TEX. R. CIV. P. 683. Further, an applicant must "execute and file with the clerk a bond to the adverse party . . . [b]efore the issuance of the temporary restraining order or temporary injunction." *See id.* R. 684. The requirements of rules 683 and 684 are mandatory and must be strictly followed. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *Caniglio v. Woods*, 593 S.W.3d 856, 858 (Tex. App.—Texarkana 2019, no pet.); *Taylor Hous. Auth. v. Shorts*, 549 S.W.3d 865, 880 (Tex. App.—Austin 2018, no pet.). If a temporary injunction fails to meet these requirements, it is to be declared void and dissolved by the reviewing court. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 641; *Taylor Hous. Auth.*, 549 S.W.3d at 880; *Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

Here, the order does not comply with the mandatory requirements of Rule 683 because it fails to set forth the reasons for its issuance or to include an order setting the cause for trial on the merits with respect to the ultimate relief sought. *See* TEX. R. CIV. P.

683. A temporary injunction that fails to meet the requirements of Rule 683 is subject to being declared void and dissolved. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 64*; Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 122 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Conway v. Shelby*, 432 S.W.3d 377, 381 (Tex. App.—Texarkana 2014, no pet.); *Conlin v. Haun*, 419 S.W.3d 682, 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Vantage Bank Tex. v. Gonzalez*, No. 13-19-00265-CV, 2020 WL 1615662, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, no pet.) (mem. op.); *Reiss v. Hanson*, No. 05-18-00923-CV, 2019 WL 1760360, at *2 (Tex. App.—Dallas Apr. 22, 2019, no pet.) (mem. op.).[5]

As shown above, the trial court's order does not state a reason for its issuance, include a trial date, or otherwise meet the mandatory requirements of Rule 683. We conclude that the trial court abused its discretion in issuing the order. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe*, 715 S.W.2d at 64*; Hoist Liftruck Mfg., Inc.*, 485 S.W.3d at 122; *Conway*, 432 S.W.3d at 381. We sustain appellants' sole issue, in part, as it pertains to the injunctive provisions of the trial court's order.

---

[5] In *Senter Investments, L.L.C. v. Veerjee*, 358 S.W.3d 841, 845–46 (Tex. App.—Dallas 2012, no pet.), the Dallas Court of Appeals held that at least some of the requirements of Rules 683 and 684, such as the requirement for a trial date, are inapplicable to a temporary injunction issued in a case that has been compelled to arbitration. *See id.* We note that the trial court has not rendered a decision on arbitration yet in this case, and thus find the *Senter* decision inapplicable here. *See id.* ("Any trial setting would be abated pending the resolution of the arbitration proceeding and would serve little purpose. Because the TAA requires—and the temporary injunction expressly ordered—a stay of the case pending arbitration, the temporary injunction's failure to include an order setting the case for trial does not render it void.").

## IV. CONCLUSION

We reverse and remand. Specifically, we declare the injunctive provisions of the trial court's order void, dissolve them, and remand this case to the trial court for proceedings consistent with this opinion.

GINA M. BENAVIDES
Justice

Delivered and filed on the
18th day of March, 2021.