

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00084-CV

USAA GENERAL INDEMNITY COMPANY, Appellant

V.

KENNETH O'BRYANT, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23C0796-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

In this interlocutory appeal involving an insurance dispute, USAA General Indemnity Company argues that the trial court's temporary injunction in favor of its insured, Kenneth O'Bryant, is void. Because we agree, we vacate the trial court's September 28, 2023, temporary injunction order.

## I.      Factual Background

A December 2022 ice storm caused the water pipes in O'Bryant's home to burst. The home flooded and became uninhabitable. According to O'Bryant's petition, USAA paid $100,780.43 on his claim, which was not enough to cover the repairs.[1] Additionally, O'Bryant alleged that USAA planned to cut off his additional living expenses coverage benefits on July 15, 2023. In his July 20, 2023, petition, O'Bryant alleged that USAA had breached its insurance contract, among other things, by failing to pay for the full costs of repair and by declining to provide additional living expenses until the repairs to his home were completed.

To secure continued payment of living expenses, O'Bryant prayed for temporary injunctive relief from the trial court. On September 28, the trial court granted the requested temporary relief and ordered USAA to pay "a rental amount at the monthly rate of $5250[.00] from the date of September 15, 2023[,] until the date of October 18, 2023." On October 4, USAA moved to dissolve the temporary injunction on the ground that it was issued without a hearing and was void for failing to set a trial date or fix the amount of security to be paid by

---

[1]O'Bryant's petition attached an insurance contract between him and USAA showing that he had $533,000.00 in dwelling protection insurance and $106,600.00 in loss-of-use protection for up to twelve months.

2

O'Bryant.  Nevertheless, it paid O'Bryant the $5,250.00 required by the order.  Because the September 28 order was not dissolved, USAA noticed its appeal from that order.[2]

## II.    The September Temporary Injunction Order Was Void

On appeal, USAA argues that the September 28 temporary injunction order was void for failing to follow the requirements of the Texas Rules of Civil Procedure.  We find three deficiencies that render the September 28 temporary injunction order void.

The first deficiency in the order involves the trial court's failure to find that O'Bryant had a viable cause of action and probable right to recovery.  "Temporary injunctions are issued to preserve the status quo until trial on the merits."  *Caniglio v. Woods*, 593 S.W.3d 856, 857 (Tex. App.—Texarkana 2019, no pet.) (quoting *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.-Longview, Inc.*, 563 S.W.3d 923, 927 (Tex. App.—Texarkana 2018, no pet.)).  Before a trial court can issue a temporary injunction, "there must be proof of '(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'"  *Id.* (quoting *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 927).  "A temporary injunction must adequately address these elements pursuant to Rule 683 of the Texas Rules of Civil Procedure."  *Id.* at 857–58.  Here, the trial court's order struck through language suggesting that O'Bryant had a viable cause of action or probable right of recovery.  As a result, the order failed to make an essential finding necessary to O'Bryant's requested injunctive relief.[3]

---

[2]On October 23, the trial court issued another temporary injunction, which has not been appealed.

[3]The parties' briefing did not address this first deficiency.  Even so, "[a]n order granting a temporary injunction that does not comply with the Rule[s] is subject to being declared void and dissolved, regardless of whether the defect was raised or briefed on appeal."  *Conway v. Shelby*, 432 S.W.3d 377, 380 (Tex. App.—Texarkana 2014, no pet.).

3

Second, "[t]he requirements of rule 683 are mandatory and must be strictly followed." *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.-Longview, Inc.*, 563 S.W.3d 923, 928 (Tex. App.—Texarkana 2018, no pet.) (quoting *Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.)). Rule 683 states, "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The September 28 temporary injunction order did not set a trial date. "If a temporary injunction order fails to comply with the requirements of rule 683, it is void." *Caniglio*, 593 S.W.3d at 858 (quoting *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 928); *see Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590–91 (Tex. App.—Texarkana 2004, no pet.).

Third, Rule 684 states, "In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant." TEX. R. CIV. P. 684. This provision is "mandatory[,] and an order of injunction issued without a bond is void on its face." *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 770 (Tex. App.—Texarkana 2017, pet. dism'd) (quoting *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (orig. proceeding)). Noting this deficiency, O'Bryant has "conditionally confesse[d] that the trial court erred in entering the temporary injunction at issue without ordering the [posting] of a bond."

Even so, O'Bryant challenges this Court's subject-matter jurisdiction over this appeal. O'Bryant notes that the September 28 temporary injunction order expired by its own terms on October 18. As a result, O'Bryant complains that the issue is moot and that we have no jurisdiction over this appeal. "The general rule is that a case becomes moot (and thus

4

unreviewable) when it appears that one seeks to obtain relief on some alleged controversy when in reality none exists, or on some matter which, when granted, cannot have any practical legal effect on a then-existing controversy." *State for Prot. of Cockerham v. Cockerham*, 218 S.W.3d 298, 301 (Tex. App.—Texarkana 2007, no pet). USAA asserts that, "[d]espite his confession of error that the order of payment was void, O'Bryant has not returned (or offered to return) the" $5,250.00 he received pursuant to the September 28 temporary order. In other words, USAA argues that there is a live controversy requiring action on our part for it to obtain the return of money paid under the September 28 temporary order, which was void at its inception. We agree.

Section 51.014 of the Texas Civil Practice and Remedies Code provides us with subject-matter jurisdiction over this interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Supp.). Further, we may vacate "the underlying judgment if a case becomes moot during appeal . . . to prevent prejudice to the rights of parties." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 788 (Tex. 2006). Here, we conclude that we have jurisdiction to declare that the trial court's September 28 temporary injunction order was void. *See Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 175 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("When a court's void judgment is appealed, we have jurisdiction to declare the judgment void . . . .").[4]

---

[4]As a result of our disposition, we overrule O'Bryant's motion to dismiss the case for want of jurisdiction.

## III.    Disposition

We vacate the trial court's September 28 temporary injunction order.


Jeff Rambin
Justice

Date Submitted:      January 8, 2024
Date Decided:        January 18, 2024